ORANGE,
February,
1833.

MORRIS KINGSBURY vs. BENJAMIN WHITNEY and others.

That, when a Captain forfeits a penalty by neglecting to make the returns, required by law, in the month of June, and the Commandant demands the fine or penalty within sixty days, he may afterwards issue his execution, although he may have made no record of his having assessed the fine.

That the statute does not require such officer to make a record of his proceedings, nor attach any validity to such record, if made.

That a recital in the execution, dated September 22d, that defendant was amerced September 20th, in the same year, is well enough, if it appear in evidence, that the fine had become payable before that time, by neglect of duty, and the making of a regular demand.

That, if a Captain be committed on execution for a fine, and give a note payable to the adjutant for the amount of the fine and cost, and a discharge is written upon the copy left with the keeper of the jail, signed by such keeper, and two years have elapsed without any objection to this proceeding, or any further pursuit of the execution, the jury may presume the assent of all concerned to the authority in the adjutant and jailer, to take such note.

A new trial was granted in this action a year ago.

On a trial at the December Term of the County Court, in 1832, some of the questions, before decided, were urged anew, and some were varied by additional testimony.——On this trial, there was testimony, which showed, that Major Morrill, on the third day of July, 1830, demanded of each of said two Captains, their respective fines for neglecting to make their returns during the preceding June, adding, that he would still receive their returns, if they would make them then ; and that there was no compliance with either part of said proposition. The

plaintiff offered to prove the knowledge and consent of Morrill, that the plaintiff should take this note in discharge of said executions. This was objected to by the defendants, but was admitted by the Court. The witness, however, who was called for this purpose, recollected nothing about it.

There was no evidence, that the commanding officer of the regiment, or the Quarter-Master, ever disapproved of the taking of this note instead of money, on said executions.

The defendants requested the Court to charge the jury, that, if they found said note was taken in consideration of the imprisonment of the defendants by the plaintiff on said executions, said note was void, and they should return a verdict for the defendants.

The defendants also requested the Court to charge the jury, that a demand of the fines of the said Whitney and Kemp was not a sufficient evidence of the imposition of the same ; that some act of the commanding officer was necessary, to render the defendants liable to execution for said fines, other than a mere demand and neglect. The defendants also requested the Court to charge the jury, that, if the demand for the fines was in the alternative, or coupled with a demand of the returns to be made by the said Captains, such demand was not sufficient to justify the issue of said executions. The defendants further requested the Court to charge the jury, that, if these fines were imposed on the 20th of September, they were improperly imposed, and the imprisonment of the defendants unlawful.

But the Court refused so to charge the jury; and did charge them, that, if they found the said Morrill was a Major, and commanding officer of said regiment, in which the said Whitney and Kemp were Captains, and that they had neglected to make the returns of the state of their companies in the month of June, 1831, and that said Morrill, on the third day of July, 1831, had demanded of them respectively their fines, whether he did or did not express a willingness to receive the returns, if all was demanded, to be done forthwith ; and further found, that said fines had not been paid within fifteen days after such demand, the commanding officer was authorized to issue his executions for the collection of said fines, in manner and form, and at

ORANGE,
*February,*
1833.

Kingsbury
*vs.*
Whitney.

the time, in these executions set forth; and, that the plaintiff, on receiving said executions, was authorized as adjutant (his being such being conceded on trial) to commit the said Whitney and Kemp, as in his returns on said executions is set forth : That the fines were due by operation of law, on the neglect to make returns according to law ; and nothing more was necessary, but a demand of the same by the commanding officer ; and, on a neglect for more than fifteen days on the part of the Captains to pay the same, executions might issue therefor.—That the jury might treat what was said in the executions about the amercement being on the 20th day of September as surplusage, and mistake in form.   The Court did further instruct the jury, that, if they found the said Whitney and Kemp were lawfully imprisoned as above charged, and that the note in question was by the defendants voluntarily executed, and that the same was received by the jailer as money, and the defendants discharged in consideration thereof, and that neither the commanding officer, nor the Quarter-Master of the regiment had ever disapproved of this note's being taken instead of money in satisfaction of said executions, they might well presume the consent of all concerned, that the business should be done as it was done; and this note, which thus far answered the defendants the same purpose as the payment of so much money, was good and binding upon them.   In which case they would find a verdict for the plaintiff.

To which decisions and instructions of the Court the defendants excepted, and the cause passed to this Court for revision.

*Argument for the defendants.*—I.  The executions, offered by the plaintiff, and admitted by the Court as evidence, were improperly admitted.   These executions, if to have any effect as evidence, are to justify the imprisonment alleged as having been made.

1st, For a fine imposed for neglect in making returns of the state of the companies, commanded by two of the defendants, in June, 1830.

2d, For a fine imposed on the third day of July, 1830.

3d, For a fine imposed by the commanding officer of the regiment.

ORANGE,
February,
1833.

Kingsbury
vs.
Whitney.

Now, they tend to prove neither of these facts. On the contrary, they expressly set forth a fine imposed on the 20th September, 1830, for a *delinquency of returns*, without specifying what returns ; and are subscribed by the Major without any addition.

II. The testimony, admitted to show the consent of the Major to the taking the note, was inadmissible.

1st, Because the Major is a competent witness himself, and should have been called on.

2d, Because, if he did consent, it was wholly without any legal authority so to do, and such consent was nothing more than that of any stranger.

III. The Court misdirected the jury in this, that the fines were imposed *necessarily* by operation of law, and that the only act of the commanding officer, to be performed, is a demand of the fines. The officer has a discretion in imposing the fines; and may omit so to do, upon good cause. A contrary construction is inconsistent with the rules of construing penal statutes. The returns may be omitted because of sickness, loss of rolls, or other good cause ; or may be made on the first day of July. Yet the fine, according to the construction, is imposed, and the commanding officer is imperatively required to collect them.—Revised Stat. 635, § 34.

IV. If, however, the imprisonment is justified by legal proof, and it is made judicially to appear, that two of the defendants were lawfully imprisoned for the causes alleged by the plaintiff, yet such imprisonment constitutes no consideration for this note, which is a promise to pay money to the plaintiff, Morris Kingsbury. The plaintiff had no interest in, or concern with, this business. All his power over it, or connexion with it, ceased, on his commitment of the defendants to prison. These fines were payable to the Quarter-Master, and any contract or promise, to be of any validity, if good at all, must be to him.—Rev. Stat. 438, § 40.—6 Mass. Rep. 253, *Bainbridge* vs. *Downie*.

V. The charge of the Court, that the jury might presume the consent of all concerned, was erroneous.

1st, Because it does not appear, that any notice of the transaction of the business was ever given to any one concerned, either the Major or Quarter-Master.

2d, Because they were not concerned : they had no power to consent that this note should be executed and received. The presumption of consent is predicated upon the supposition that the officers mentioned are *principals*; when in fact they are *agents*, with specific and limited powers. The State is the principal ; and the fines are for the benefit of the State, to be applied to the improvement of the militia.

VI. The charge was erroneous in this, that the jury were put upon finding a fact no way in issue, and which the defendants could not raise, viz: that the Captains did neglect *to* make returns in June, 1830.

VII. The Court ought to have instructed the Jury, that if any condition was annexed to the demand of the fines, or if it was in the alternative, e. g. to pay the fines or make the returns, such demand did not authorize the issue of execution.

VIII. The Court misdirected the jury in this, that so much of the executions as relates to the amercement and date thereof, might be treated as surplusage and mistake. We object

1st, Strike out this part, and the precepts become a nullity, partaking in no respect of the nature of an execution ; and are no more than mere orders of a military officer to imprison two of the defendants.

2d, The Statute provides, (Rev. Stat. 632, § 12) any officer, neglecting to make returns, &c. " shall be fined " by the officer, to whom the returns should have been " made, a fine of twenty dollars," &c. The officer is made an agent in imposing the fine, and is to act therein.

Now, these executions are important in the point in question, as showing when the officer did so act, and when he did fine the delinquent ; and as showing, that no fines were imposed previous to 20th September, 1830; and that the demand was not considered as an imposition of the fines, and as such was proper for the jury to weigh. The executions are the only record in existence, affording any evidence of all these matters; and that is destroyed by the striking out.

*Argument for the plaintiff.*—I. The first question arising

ORANGE,
*February*,
1833.

Kingsbury
*vs.*
Whitney.

in the case is, Was the note void for duress of imprisonment? In order to be so, the imprisonment must have been unlawful; such as would be relieved by *habeas corpus*, or sustain an action for false imprisonment. The plaintiff insists, that the imprisonment was lawful. The defendants are understood to contend, that the imprisonment was unlawful, for these reasons:

1st, That something more than demand for fine was necessary to be done by the commanding officer, before issuing execution.

2d, That the execution was merely signed " Major."

3d, That the executions do not state the kind of delinquency, nor the previous proceedings.

In answer to these objections, the plaintiff insists,

1st, That, by the Militia Law, Art. 12, Sec. 33, the forfeiture of the Captain for not making return, occurs on the 1st of July. By the same Statute, No. 3, Sec. 7, this fine is directed to be collected as that in Art. 13. The course is pointed out in Sec. 34. The forfeiture takes place by operation of law, on the 1st of July. The commanding officer is to demand in 60 days after; and, if the payment is then neglected for 15 days, execution may, at any after time, issue. Now, the statute most clearly requires nothing to be done by the commanding officer, but to make demand. And, for more to be required by the Court, must operate ruin to the officers, who are not presumed versed in the law; and, at the same time, are bound to do their duty or be prosecuted.—Stat. 632, 641, 635.

2d, The commanding officer signed "Major," and, as he as Major could issue execution only when the place of Colonel was vacant, it is to be presumed, in this case, that the contingency existed.—2 Aikens' Rep. 30, *Hatch, ex parte.*

3d, The execution need not state the previous proceedings. No execution does, either civil or military. The execution does state the delinquency to be not making returns; and this is more than is necessary.

4th, The plaintiff considers, that all these questions were decided, at the last term, for the plaintiff; and the only difficulty then found was, that the execution stated the amercement to be in September; and there was no

ORANGE,
February,
1833.

Kingsbury
vs.
Whitney.

proof in the case of any previous demand, to show a case justifying the issue of an execution in any form. Now demand is found. It is perfectly obvious now, how this took place; that is, by following the form of Captain's execution, the only one given in the military law; and it is much to be hoped, the Major may find protection in the honest discharge of duty, and no sacrifice of right be permitted in an improper carping at forms.

II. If this note be not void on account of duress of imprisonment, is it void as unlawfully taken for the release of the Captains from a lawful imprisonment and received by the jailer unlawfully, *colore officii*, without consideration?

1st, A note given voluntarily, with a full knowledge of all facts, cannot be avoided for want of consideration, unless on some imperious rule, derived from the *policy* of the law, which forbids its recovery. Now, most obviously, the defendants were in no way defrauded. The note was executed for a purpose which it answered, and which there is no rule of law to forbid.—5 Pick. Rep. 380, *Train* vs. *Gold.* As to Prison Bonds, see 7 Mass. Rep. 98.—8 do. 373.— do. do. 423. Replevin Bonds, see 5 Mass. Rep. 314.—8 do. 147.—do. do. 153.

2d, Any advantage to the party promising, or any disadvantage or liability, incurred by another at his request, either a promisor or third person, is a sufficient consideration for an express promise. Here, at the request of the defendants, the jailer gave them their liberty and incurred the liability of being answerable for the amount of the executions; and this constituted sufficient consideration for the note.—3 Pick. Rep. 92, *Cabot & al.* vs. *Haskins & al.*— Phillips' Digest, 89, 90.

3d, This note was taken as pay for the executions. And, to whomsoever taken, it was in trust for him, to whom the money ultimately belongs. A part of that, the fees, belongs to plaintiff; so it was as well taken to him as any one.— And, in such case, the assent of the *cestui que trust* is to be presumed. Nor have the defendants offered to show any dissent; or, that the consideration, either in part or in whole, has in any way failed. To make defence in full, they must show, that the consideration *wholly* failed. Then, most obviously, the fees are paid.

4th, Any promise deliberately made, even without consideration, which induces third persons to part with property or rights, is good. This promise did induce the jailer to let the defendants depart, and to incur liability, and should therefore be enforced.—3 Mass. Rep. 1, *Willson* vs. *Clements*.

ORANGE,
*February,*
1833.

Kingsbury
*vs.*
Whitney.

III. The defendants may insist that the Court erred in admitting testimony tending to show the previous consent of the commanding officer. But,

1st, Such testimony was not improper.

2d, The case expressly finds, and such was the fact, that no such testimony was put into the case, or urged to the jury.

HUTCHINSON, C. J., after alluding to the facts as they appeared in the case as it has now come up from the County Court, and as it came up a year ago, pronounced the opinion of the Court.

That the signing of these executions by Morrill, as Major, accompanied with proof, that the office of Colonel was vacant, was decided a year ago, to be well enough. The mast correct mode of signing, is that which best describes the official character in which the person acts. For instance, when a Justice of the Supreme Court acts as a Justice of the Peace, merely, he should sign as a Justice of the Peace throughout the State. Yet his signing as Judge of the Supreme Court is well enough ; because that carries with it the office of Justice of the Peace throughout the State. So a Councillor may, in a like case, sign as Councillor: because that carries with it the office of Justice of the Peace for the whole State.

Again, it is urged by defendants' counsel, that the demand, now shown, is conditional and void. It is not so viewed by this Court. The testimony, if it shows any thing, shows a direct demand of the fines. And, the commandant's being, and expressing himself willing still to receive the returns, ought to have no effect upon this case, unless the returns were then delivered, according to the proposition, so that the commandant of the regiment might make his returns to the General. This shows a spirit of accommodation in Major Morrill, but it furnishes no alleviation

ORANGE,
February,
1833.

Kingsbury
vs.
Whitney.

to the defendants, as they declined meeting it in any way to answer the demands of the law, or enable the Major to perform his duty.

Again, the executions were objected to, as being defective upon the face of them. They mention delinquency of making their returns, without stating what returns. Nothing has been exhibited in the case to show any uncertainty in this respect. There is full proof of a neglect to make the June returns; and the demand, which must have been made in sixty days, was made July 3d, for not making returns the preceding June; and no others are spoken of. The statute has furnished no form, nor special direction, to guide in this particular. And what is averred in these cases, is as much as is required by the statute, in the form given for Captains, when they issue executions.

Another defect pointed out, is, that each fine is stated to be assessed on the 20th of September; and it is urged that the time was then passed, in which the defendants could be amerced; it being more than sixty days from the forfeiture. This would be a fatal objection if the statute required a record of the amercement, and required that record to be made within sixty days. But the only duty required to be performed in sixty days is, the making the demand of the fine.—That must be done within sixty days, or the fine can never be collected. The statute requires no record to be made of this; nor does it attach any validity to one, if made. Parol proof would still be required of the demand. Men are not appointed to military offices because of any supposed acquaintance with legal proceedings: and more must not be required of them, than is either directed by statute, or clearly implied as a matter of duty. Where the recital in the execution is, that the amercement was on the 20th of September, and nothing else is brought into the case to show when, how, or whether, the forfeiture had become absolute upon the defendants in the execution, it must be a fatal defect. Such was this case a year ago. But when, as in the present case, the fact is established by other proof, that there was a neglect, by which a forfeiture was incurred, and that a demand was seasonably made of this forfeiture, and that fifteen days had elapsed after the demand, and yet the defendant had not

ORANGE,
February,
1833.

Kingsbury
vs.
Whitney.

paid this forfeiture or fine, the liability of the Captain to pay this fine had become complete and absolute, whether any record or memorandum in writing had been made of it or not. It was, therefore, unnecessary for the Commandant to state in his execution when, or by whom, the defendants were amerced. It would have been sufficient for him to have recited, that the defendants had forfeited the penalty of twenty dollars for delinquency in making returns. As his statement of the 20th of September was no description of any record, and as the day was immaterial with regard to that fact, which was true, in a legal sense, any day, and each day, after the demand made and fifteen days had elapsed from the time of such demand, the same may be treated as surplusage, and not at war with the facts otherwise shown, and which fully show the matter matured for execution. The objections to the execution are overruled; and, the facts being as the jury must have found them, the imprisonment was legal.

Another question is urged, whether this note is not void for want of consideration. This objection is predicated upon the want of power in the plaintiff, after he had committed the defendants on the two executions, to receive this note and discharge the executions. It appears, that this note was received instead of money; and was, probably, considered as good as money; and the jailer, by direction of the plaintiff, discharged the executions upon receiving this note, with no other payment. As the cause went to the jury, and as they have found the facts to be, we are under no necessity of deciding upon the strict power of the plaintiff to direct the executions discharged, upon receiving this note, payable to himself. Neither he nor the keeper of the jail, can compel those, who were entitled to the money, to wait for the collection of this note. So far as the plaintiff was liable, if at all, he might be treated as having received the money. The Sheriff, also, might have been sued for the escape; and the taking of this note would have been no defence. But, that any legal process could afterwards have issued against Whitney and Kemp, is by no means certain. Before the commitment, the plaintiff, the Adjutant, had an undoubted right to receive the money, and discharge the executions.—After the commit-

ment, the keeper of the jail had as good a right thus to receive the money and execute discharges. Whitney and Kemp, as if unable then to pay the money, gave this note of themselves and sureties, on seeing the executions discharged. They may have given pledges to their sureties, which would add to the difficulty of pursuing the claims, otherwise than upon this note. It was clearly received as payment; and answered the same purpose as money to procure the discharge of Whitney and Kemp from their imprisonment; and they, surely, have no right to object to a recovery on the note, unless they are in danger of being again pursued with new executions. So long a time had elapsed with no wish or pretence of the plaintiff or the commandant, or the Quarter-Master, or any one else, to pursue them in any other way, than by collecting this note, it was correctly submitted to the jury to presume the consent and acquiescence of all concerned, that this note should stand as security for the amount of the executions; and that the plaintiff, the payee of the note, should be their trustee to collect the note, and disburse the money; retaining his own fees, which were included in the note.

The objection to the Court's admitting direct testimony of Major Morrill's consent to take this note in payment of the executions, is answered by the result, that no such testimony was given; and, therefore, the defendants could not be injured by it.

The Court discover no error in the proceedings of the County Court at the last trial; and their judgement is affirmed.

*Daniel Azro A. Buck*, for the defendants.
*Jacob Collamer*, for the plaintiff.