## VAN RENSSELAER *VS.* BRADLEY.

Rent reserved upon a conveyance in fee is subject to be apportioned, either by seve-
rance of the land out of which it issues, or of the estate of the lessee to which it
is incident.

Accordingly *held* that one who had become the assignee of the estate of the lessee
in *a part* of the premises conveyed by a lease in fee was liable in covenant to the
devisee of the lessor for a proportionate part of the rent reserved.

But *services* to be rendered by the lessee (*e. g.* "one day's service with carriage and
horses,") are indivisible and cannot be apportioned.

If the lessor's interest is severed, as in the case of his purchasing a part of the land
leased, the service cannot be apportioned, but *it seems* is extinguished.   *Per* Jew-
ett, J.

But if the lessee assign a part of the premises the services *multiply*.

In covenant for non-payment of rent reserved by a lease, either against the lessee or
an assignee, the premises leased need not be described, but may be referred to as
*certain premises particularly described in said indenture.*

Where the action was against the assignee of a part, and the premises of which he
was alleged to be the assignee were described as "seventy acres of the southerly
side of the said demised premises," *held* sufficient.

But a count stating that all the right, &c. of the lessee of, in and to the said de-
mised premises *or some part thereof* had come to the defendant by assignment
was held bad for being in the alternative.

*Semble* that an averment that all the estate of the lessee *in a great part of the de-
mised premises* would be sufficient, under the rule that a party need not in plead-
ing, shew the precise estate of his adversary.   *Per* Jewett, J.

And where the declaration in such a case contained an averment that a certain
amount of rent for a particular time stated, for that part and proportion of the said
premises of which the defendant was assignee, had accrued and become due and
was in arrear, *held* a sufficient averment of the proportion of the rent payable by the
defendant.

But a count stating that a certain sum was due for the *said demised premises* was
held bad.

In an action against the assignee of the lessee, it is unnccessary to state that the lat-
ter had not paid the rent.

COVENANT by the devisee of the lessor against an assignee of
the lessee, for rent and services in arrear.   The defendant de-
murred to the second, third and fourth counts of the declaration.
The second count stated that on the 24th day of September,
1798, at &c. Stephen Van Rensselaer in his lifetime by a certain
indenture, &c. of which a *profert in curia* is made, demised and

granted *in fee* to Joseph Bradley, his heirs and assigns, " certain premises with the appurtenances particularly described in the said last mentioned indenture, situate in the town of Bern, in the county of Albany;" " yielding and paying therefor," annually on the second day of January in each year, to the lessor, his heirs and assigns, twenty-two and an half bushels of good clean merchantable winter wheat, and four fat fowls, to be delivered at the mansion house, &c. " and performing one day's service with carriage and horses." A covenant by the lessee to pay the rent, &c. is then set out, after which there is an averment as follows : " that after the making of the said last mentioned indenture, and before the death of the said Stephen Van Rensselaer, to wit, on the first day of January, 1830, at the place aforesaid, all the right, title and interest of the said Joseph Bradley, of, in and to seventy acres of the southerly side of the said demised premises of equal value by the acre with the rest of the said demised premises with the appurtenances by assignment thereof legally came to and vested in the defendant." Then follows an averment that the lessor by his last will and testament, devised to the plaintiff, his heirs and assigns, " the said rent and all the estate of him the said" lessor, of, in and to the demised premises, and that the testator died seized on the 26th day of January, 1839, whereby the plaintiff became seized of the rent, with general averments of performance by the lessor and by the plaintiff and of non-performance by the defendant ; and the statement of a breach in these words, " He the said plaintiff in fact says that after the making of the said indenture and after the death of the said Stephen Van Rensselaer deceased, and after the defendant became assignee as aforesaid of the said seventy acres part of the said premises, to wit, on the second day of January, now last past, forty-five bushels of good clean merchantable winter wheat, eight fat fowls, and two days' service with carriage and horses, of the value of one hundred dollars, for the rent of that part and proportion of the said premises of which the defendant became assignee as aforesaid, and which had accrued and become due after the death of the said Stephen Van Rensselaer, and after the defendant became assignee as aforesaid

were and are in arrear and unpaid to the plaintiff." "which said forty-five bushels [repeating the rent and services,] or any part thereof the defendant has not paid to the plaintiff, but to do so has wholly refused and still refuses, contrary," &c.

The third count varies from the second in the statement of the extent of the defendant's interest as assignee. In this respect it avers "that on &c., all the estate, right, title and interest of the said Joseph Bradley, of, in and to the said demised premises with the appurtenances, by assignment thereof legally came to and vested in the defendant, and which said premises are now in the possession of the said defendant; saving and excepting thirty-one and a half acres parcel thereof heretofore sold to one Calvin Jones, and sixty acres other parcel thereof heretofore sold to Elam Bradley." In the averment of the rent and services in arrear, for the non-payment of which the breach is assigned, it is alleged that *after the defendant became assignee as aforesaid*, to wit, on &c. ninety bushels of wheat &c. "of the rent for the said premises," for four years ending &c. had accrued and become due and was still in arrear and unpaid to the plaintiff.

The fourth count sets out the defendant's interest as assignee as follows: "that after the making of the said last mentioned indenture and before the death of the said Stephen Van Rensselaer, to wit, on &c., "all the right, title and interest of the said Joseph Bradley, the party of the second part to the said indenture, of, in and to the said demised premises *or* some part thereof, with the appurtenances, by assignment thereof, legally came to and vested in the defendant." In other respects the three counts are substantially alike.

The objections relied on by the defendant's counsel and noticed in the opinion of the court, are specified as causes of demurrer. The plaintiff joined in demurrer.

*R. W. Peckham*, for the defendant. 1. Covenant for rent in arrear cannot be sustained against the assignee of the lessee *of a part* of the demised premises. The statute enabling grantees of the reversion to take advantage of covenants in the lease, against the lessee, his representatives and assigns, does not give

an action against the assignee of a part.  (*Stat.* 32 *Hen.* 8, *ch.* 34 ; 1 *R. L.* 363; 1 *R. S.* 747, §§ 23, 24.)  It has been repeatedly determined that the assignee of a part of the term or a mortgagee is not liable for rent in arrear or other breach of the covenants in the lease.  (*See the cases collected in* 7 *Petersd. Abr.* 190 ; *Eaton* v. *Jaques, Doug.* 455.)  There are other sufficient remedies to enable the landlord to recover his rent.  He may re-enter for the condition broken.  In *Hare* v. *Cator,* (*Cowp.* 766,) decided as late as 1778, it was considered as a doubtful point whether the assignee of a part of the premises could be sued upon the covenants in the lease.  It is true that it is said in *Woodfall's Landlord & Tenant,* (*p.* 349,) that the action will lie against the assignee of a part, but the authorities cited, (2 *East,* 575, *and Cro. Eliz.* 633,) do not sustain the position.  But however it may be as to the rent, the service with carriage and horses is in its nature indivisible and cannot be apportioned.

2. It is not alleged that the amount of rent stated to be in arrear is the just proportion of the whole rent reserved, for the premises of which the defendant is the assignee.  The defendant is at most only bound to pay such a proportion of the whole rent as the value of the premises held by him bears to the whole of the premises demised, and it should be distinctly averred that the rent claimed is that proportion.  (4 *Kent's Com.* 477.)

3. The declaration does not contain a definite description of the demised premises, nor of the part of which it is alleged that the defendant is the assignee.  Nor does it state that the lessee has not paid the rent.

4. The third count claims all the rent in arrear during the time stated, for the whole of the demised premises, though the defendant is stated to be the assignee of a part only.

5. The fourth count states that the defendant is assignee of the whole *or* a part.  Such an alternative averment is clearly bad.  It should state distinctly that he is assignee of the whole, or of a particular part, and the evidence must conform to the allegation.  (*Hare* v. *Cator, supra ; Armstrong* v. *Wheeler,* 9 *Cowen,* 88 ; *Merceron* v. *Dowson,* 5 *Barn. & Cress.* 479 ; 1 *Ch. Pl. 9th Amer. ed.* 236.)

. *D. Cady*, for the plaintiff. 1. Such a rent as that reserved in this case may be apportioned, and the assignee of the estate of the lessee in a part of the premises is chargeable with a proportionate part of the rent. (3 *Kent's Com.* 470, 471; *Stevenson* v. *Lambard*, 2 *East*, 575; *Norton* v. *Vultee*, 1 *Hall's Rep.* 384; *West* v. *Lassels, Cro. Eliz.* 851; *Nellis* v. *Lathrop*, 22 *Wend.* 121; *Gillespie* v. *Thomas*, 15 *id.* 464; *Woodfall's Landlord & Tenant*, 253; *Comyn's Land. & Tenant*, 273.)

2. The allegation that the seventy acres of the demised premises of which the defendant is the assignee, is of equal value by the acre with the remainder, states the principle upon which the apportionment is to be made. But without such statement, an averment that a certain sum was due in respect to that portion would be sufficient.

3. Where the premises are described in a deed of which *profert* is made in the pleading, it is sufficient to refer to such deed for a description of the premises. (*Dundas* v. *Lord Weymouth, Cowp.* 665; *Price* v. *Fletcher, id.* 727; 1 *Saund. R.* 233, *note* 2.) The whole premises being known, the part held by the defendant is readily ascertained. It was unnecessary to aver that the lessee had not paid the rent. (*Ex'rs of Dubois* v. *Van Orden*, 6 *John.* 105.)

: 4. There is no uncertainty in the averment of the premises for which the rent is claimed. (*Cougham* v. *King, Cro. Car.* 221.)

5. The fourth count is objected to because it alleges that the defendant is the assignee of the whole *or* a part of the demised premises. This form of declaring against an assignee has been long in use, though it is believed that its propriety has never been passed upon by the court. It does not prejudice the defendant, while it is very essential in enabling the lessor to assert his just rights. The tenant knows and can readily show to what extent he is assignee, but the landlord cannot in general know any thing accurately about it. Such a count will enable the plaintiff to recover to the extent of the defendant's liability without the hazard of being nonsuited for a variance, while the defendant cannot well be surprised, the matter being peculiarly

within his knowledge. The old mode of pleading in this action shews the propriety of declaring in this form. In 5 *Went. Pl.* 72, 73, the precedent of a plea denies that the estate of the lessee in the premises " or in any part thereof" came to the defendant. A form of such a plea in 2 *Richardson's Prac.* 244, avers " that *nothing* of the demised premises" came to the defendant. In *Wollaston* v. *Hakewell*, (3 *Mann. & Gr.* 297,) the averment in the declaration was that " all the estate, right, title and interest" &c. of the lessee " of, in and to a *great part* of the demised premises, with the appurtenances situated and being on the back part thereof," came to the defendant by assignment; and it was not objected to, but seems to have been considered a proper method of declaring. (*See also* 2 *Barn. & Ald.* 105.) Less certainty is required and general words are sufficient, where it is to be presumed that the party pleading is not privy to the minute circumstances. (1 *Chit. Pl. ed. of* 1829, 215.) *Hare* v. *Cator*, cited by the defendant's counsel, where it is held that the plaintiff cannot recover the rent for a part of the premises under a declaration charging that he was assignee of the whole, was determined since the revolution, and is not therefore a controlling authority.

*By the Court,* JEWETT, J. The first objection to the second count is, that it does not allege that the defendant is the assignee of the *whole* of the premises demised to the lessee, but only of a part. It is insisted that the defendant, being assignee of but a part, is not liable to the plaintiff in covenant for the non-payment of rent in respect to such part—that such covenant is not divisible, and cannot, therefore, be apportioned. The rent reserved, and to which the covenant of the lessee applies, is strictly a rent service at common law, which was when the tenant held the land by fealty or other corporal service and a certain rent,(a) to

(a) See *Littleton on Tenures, lib.* 2, *ch.* 12, §§ 215, 216, 217, and *Co. Lit.* 142, *b*, 143, *a;* 2 *Bl. Com.* 42 ; *Bac. Abr. Rent, A ; The People* v. *Haskins*, (7 *Wend.* 463 ;) *Cornell* v. *Lamb*, (2 *Cowen*, 652.) But whether the rent in question would at common law be a *rent service* or a *rent charge*, the provisions of 1 *R. S.* 748,

Van Rensselaer v. Bradley.

which was incident the right of distress. (3 *Kent. Com.* 5*th ed.* 460; 2 *Black. Com.* 41.) Such rent was, at the common law, apportioned either on severance of the land from which it issued, or of the reversion to which it was incident. Although it was a doctrine of the common law, that an entire contract could not be apportioned, the principle was limited to personal contracts and covenants, and did not extend to such as run with the land (3 *Kent. Com.* 469; *Hodgkins* v. *Robson*, 1 *Vent.* 276; *Ingersol* v. *Sergeant*, 1 *Whart. Rep.* 337; *Stevenson* v. *Lambard*, 2 *East. Rep.* 575; *Merceron* v. *Dowson*, 5 *Barn & Cress.* 479; *Wollaston* v. *Hakewill*, 3 *Mann. & Gr.* 297; *Astor* v. *Miller*, 2 *Paige's Rep.* 78; *Pollard* v. *Shaaffer*, 1 *Dallas*, 210.)

The covenant to pay rent, contained in the lease in question, runs with the land. The lessee covenanted for himself, his heirs, executors, administrators and assigns. (*Hurst* v. *Rodney*, 1 *Wash. C. C. R.* 375; *Comyn's Dig. tit. Covenant*, (C. 3;) 5 *Co.* 24, *b*; 2 *Bacon, Abr.* ed. 1843, *tit. Covenant*, (*E.* 3,) *note.*) And as the covenant runs with the land and affects the whole, the assignee of part of the land is liable to the landlord for the rent in an action of covenant. (*See the cases last cited, and Astor* v. *Miller, sup.*; *Weidner* v. *Foster*, 2 *Penn. Rep.* 23; 2 *Saund. Rep.* 182, *note* 1.)

But it is objected that a part of the rent or service reserved, to wit, " one day's service with carriage and horses," is an entire service, and is in its nature indivisible, and that therefore the assignee of a part of the premises is not liable. The rule found in the books, which I take to be sound, is this—" If a man which hath a rent service, purchase parcel of the land out of which the rent is issuing, this shall not extinguish all, but for that parcel. For a rent service in such case may be apportioned ac-

---

§ 25, copied from 1 *R. L.* 363, seem intended to assimilate a rent reserved upon a conveyance in fee to one accompanied by a reversion, so far as concerns an action by the assignee of the lessor. The English statute only extended to assignees of the rent and reversion where the lease was for life or years, the right to take advantage of the covenants in the leases. (32 *H.* 8, *ch.* 34, 2 *Ruffhead's Statutes ut Large*, 294.) The provision referred to placed leases in fee upon the same footing.

cording to the value of the land." (1 *Coke Litt. Phil. ed.* 1836, *p.* 539.) " But if one holdeth his land of his lord by the service to render to his lord yearly at such a feast, a horse, a golden spear, or a clove, gilliflower or the like, and the lord purchase parcel of the land, such service is taken away, because such service cannot be severed or apportioned." (*Id. p.* 545.) The whole tenancy being equally chargeable with them, the lord by his own act shall not discharge part, and throw the whole burthen upon the residue for his own private benefit and advantage. (*Gilbert on Rents,* 165.) But if the service be entire—to render yearly at such a feast, a horse, or the like, and the lessee assign a part of the premises to a stranger—in this case such service being indivisible shall *multiply.* (1 *Co. Litt. ed. sup.* 546; *Gilbert on Rents,* 170; *Hodgkins* v. *Robson,* 1 *Vent.* 276; *Ingersoll* v. *Sergeant,* 1 *Whart. Rep.* 337; 7 *Comyn's Dig.* 493, *tit. Suspension, G.*)

It is also objected that the second count is defective for the want of a description of the premises demised. The count is in exact accordance with the form advised by Sergeant Williams, in 1 *Saund. Rep. p.* 233, *note* 2. It is there laid down, that to avoid unnecessary prolixity in an action of covenant for non-payment of rent, it is sufficient to allege in the declaration, that the plaintiff, on such a day and year at such a place, by a certain indenture made between him of the one part and the defendant of the other part, (which the plaintiff brings here into court,) demised to the defendant certain premises particularly mentioned and described in the said indenture, instead of setting out the parcels as is too frequently done. The same rule was laid down by Lord Mansfield and the whole court of king's bench in *Dundass* v. *Lord Weymouth,* (*Cowp.* 665.) It is true, the cases spoken of were actions against the lessee on the personal covenant; but I do not see that there is any more necessity for setting out the description of the premises, where the suit is against the assignee, than in the case to which the rule was applied. (*See* 2 *Chitty's Pl.* 194, 195, *Day ed.* 1812.)

Another objection to this count is, that there is not a sufficient description of that part of the demised premises alleged to have

been assigned to the defendant. That description is as follows: It is averred to be "seventy acres of the southerly side of the said demised premises of equal value by the acre with the rest." Counsel have not referred us to any precedent or authority to sustain the allegation. Such description would be sufficient in a conveyance to pass the title to the seventy acres, and I am unable to discover any reason why it should not be deemed sufficient in this declaration. Having a description of the whole premises, in the lease, the pleading, in my judgment, sufficiently specifies that part which is alleged to have been assigned to the defendant.

It is said that this count does not set forth how or in what manner forty-five bushels of wheat, eight fat fowls, and two days' service with carriage and horses, comprises the fair and just proportion of rent for that part of the premises assigned to the defendant, and that said allegation is not justified by any thing in the count contained, and that it is argumentative. I think the allegation is sufficient to put in issue the proportion of the whole rent for the whole demised premises, which the plaintiff would be entitled to recover of the defendant as assignee of the seventy acres. The rent must be apportioned, when the landlord seeks to recover of an assignee for a part of the premises according to the value of the land, and it is the business of the jury upon evidence produced to apportion the rent to the value of the land. ( *Gilbert on Rents,* 163; *Farley* v. *Craig,* 6 *Halstead,* 262; 3 *Kent's Com.* 469; 1 *Ventris,* 276.) The allegation in substance is, that so much as is claimed to be due for the seventy acres for the time specified, is the just proportion of the whole rent chargeable upon the whole demised premises for the time for which it is claimed; and this is a question of fact to be ascertained by the jury upon such evidence as the parties may produce. I am not able to discover the necessity of a more specific allegation, or indeed in what manner one more specific in this respect could well be framed.

It is contended in the last place that the second count is defective in not stating that the lessee had not paid the rent. The case of *Dubois' executors* v. *Van Orden,* (6 *John. R.* 105,) is

decisive that such allegation is unnecessary. When the de-claration avers, (as this count does) that the rent accrued subse-quent to the assignment to the defendant, and was due and owing to the plaintiff and still remains in arrear and unpaid from the defendant, it states a breach in sufficient terms. That the lessee had not paid it, is implied in the averment, that the defendant owed it.

It is urged that the third count is defective in claiming that the rent said to be in arrear, was the rent for *said demised premises* for four years; and that it is not averred what rent, or that any rent of the part of the premises assigned to the defen-dant was in arrear. The count certainly does claim that the defendant, although an assignee of but part of the demised premises, is liable for all the arrears of rent for the whole, during the four years. It should have claimed only such proportion as had accrued upon that part of the premises assigned to the defendant. His liability is limited to that proportion. I think the demurrer in this particular well taken.

It is argued that the fourth count is defective in the statement of the defendant's title as assignee. It avers that the defendant is the assignee of the whole or some part of the demised premises, without specifying whether of the whole or a part; or if of a part, what part. I think this count is bad, on the ground that the averment as to the share or portion of the premises assigned to the defendant is in the alternative. (*Ste-phen's Pl.* 387, note 2; *Cook* v. *Cox*, 3 *Maule & Selw.* 110.) It is supposed by the plaintiff's counsel that the case of *Wol-laston* v. *Hakewill*, (3 *Man. & Gr.* 297,) is an authority to sustain this mode of pleading. That was an action of cove-nant upon an indenture of lease for non-payment of rent, and non-reparation. The declaration alleged, that all the estate of the lessee *in a great part* of the demised premises, came to and vested in the defendant by assignment, whereupon and whereby the defendant became possessed. The defendant pleaded that the said part of the premises did not come to or vest in her by assignment. No question was raised there as to the sufficiency or propriety of the allegation. The question

was, whether the evidence supported the allegation. But if there had been a question raised on the pleading, it is quite probable it might have been sustained, under the general rule, that it is not necessary to allege title more particularly than is sufficient to show a liability in the party charged, or to defeat his present claim. Except as far as these objects may require, a party is not bound to show the precise estate which his adversary holds, even in a case where, if the same person was pleading his own title, such precise allegation would be necessary. The reason of this difference is, that a party must be presumed to be ignorant of the particulars of his adversary's title, though he is bound to know his own. (*Rider* v. *Smith*, 3 *T. R.* 766; 1 *Chitty's Pl.* 238, 239.) But this rule will not sustain a pleading in the alternative. The plaintiff is entitled to judgment upon the demurrer to the second count, and the defendant to judgment on the third and fourth counts.

Judgment accordingly.