WALTER S. CHURCH, APPELLANT, v. JOHN T. SEELEY, RESPONDENT.

*Rent charge — effect of a recovery, by the owner, of a portion of the land — apportionment of the rent — when it can be made — what amount is required for redemption.*

In 1882 the plaintiff, who was the owner of the rents reserved in one of the Van Rensselaer leases, recovered in ejectment, for non-payment of rent, all of the land included in the lease except ten acres, and took possession thereof, which possession he still retained at the time when this action was brought, which was after the expiration of the time fixed by section 1508 of the Code of Civil Procedure for redemption. The amount due for rent at the time of the recovery in the first action was about $4,972.78, which amount, the court assumed, had been stated in the judgment as required by section 1507 of the said Code. The referee in this action, which was brought by the plaintiff to recover the remaining ten acres, found that the amount due at the time of the commencement thereof, on the whole lot, was $4,978.81, and that the amount due on the ten acres was $350.61, and gave judgment for the plaintiff for the latter amount.

Upon an appeal by the plaintiff from the judgment entered thereon :

*Held*, that it would seem that the plaintiff, by recovering and taking possession of a portion of the farm, had extinguished the whole rent; but as the defendant did not appeal, that question was not decided.

That, assuming that this was not so. it was proper to apportion the rent, as well that accruing before as that accruing after the recovery in the first action,

according to the value of the land held by the parties, and that the amount of the rent, as so apportioned, determined the amount which the party owning the part of the land which had not been recovered by the plaintiff in the first action would be required to pay to redeem such part of the land.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

*S. W. Rosendale,* for the appellant.

*W. & G. W. Youmans,* for the respondent.

LEARNED, P. J. :

The plaintiff is the owner of the rents reserved on two of the Van Rensselaer leases ; one called the Abbott and Russ lease, covering 152½ acres, known as lot 402 ; the other called the Tubbs lease, covering 160 acres, known as lot 378. In 1882, the plaintiff recovered in ejectment, for non-payment of rent, all of the land included in the Abbott and Russ lease, except ten acres, and took possession of the same and still retains it, unless he has sold the property. In 1881, the plaintiff recovered in ejectment, for non-payment of rent, all of the land included in the Tubbs lease, except sixty acres, and took possession and still retains it, unless he has sold the property.

As the plaintiff is in possession, no redemption can have been made from those recoveries, and the time for redemption has passed. (Code, § 1508.)

The plaintiff being thus in possession of 140 acres of the first lease and 100 acres of the second lease, and being no longer liable to have them redeemed from him, commenced this action in 1883 to recover from the defendant ten acres of lot 402, and sixty acres of lot 378, occupied by him, for non-payment of rent.

The amount due for rent on the Abbott and Russ lease, lot 402, at the time of the recovery, in the ejectment action, was about $4,972.78 (the precise amount is not important), and that amount, it is assumed, was stated in the judgment therein, pursuant to Code, section 1507. The amount due for rent on the Tubbs lease, lot 378, at the time of the recovery, in the ejectment action, was about $2,953.82, and that amount was, it is assumed, in like manner stated in the judgment in that action.

The referee in this action finds that the actual amount due on lot 402, at the commencement of this action, was $4,978.81, and that the amount due on the ten acres sought to be recovered was $350.61; that the actual amount due on lot 378 at the commencement of the action was $2,975.45, and the amount in arrear on the sixty acres sought to be recovered was $410.50, making the total in arrear to the plaintiff, $761.11, and gives judgment for the plaintiff accordingly.

The plaintiff appeals and insists that the referee should have found that the total amount due was $4,978.21 on lot 378 and $2,975.45 on lot 402, making in all $7,954.26. It is evident that, if the plaintiff is correct, a very great wrong is to be done to the defendant. The plaintiff, by his two preceding actions of ejectment has entered upon and acquired an irredeemable title to 240 acres out of the 310½ included in the two leases. He now seeks to compel the defendant to pay $7,954.26 for the privilege of redeeming seventy acres; so that when the defendant shall have thus redeemed, and shall have paid all the rent which plaintiff claims to be in arrear on both leases, the plaintiff will retain his 240 acres and the defendant will have only the enjoyment of seventy. For no way is suggested by which the defendant can, by a redemption, gain any title to the 240 acres, or any rights against the plaintiff or against any other person.

The plaintiff claims that on one of such leases he may bring several actions of ejectment for rent in arrear; that, in the judgment recovered in each, he may state the full amount of rent in arrear on the whole lease, so that the redemption in each case shall require the payment of the whole rent. If this can be done where two persons are occupying separate parts of the leased premises, why may not several actions be brought against the same person for distinct portions of the same leased premises? Whether Seeley, or some other person, was the occupant of the 240 acres is immaterial, so far as regards the justice of the plaintiff's claim on this appeal. He has taken back (it matters not from whom) 240 acres of the leased premises, and now he would compel Seeley to pay the full arrears for the privilege of enjoying seventy acres.

The rent reserved in such leases has been decided to be a rent charge. (*Van Rensselaer* v. *Hays*, 19 N. Y., 68; Coke Litl.,

§§ 217, 218; Bacon's Abrigt., Rent " A.") It does not seem to have been noticed that, since distress has been abolished, the rent has strictly become a rent seck. The peculiarity of a rent seck is that no distress is incident to it. And a rent, which was not a rent seck in its creation, may become such subsequently. (Coke Litl., § 225.)

The rule of the common law was that, while a rent service might be apportioned, a rent charge could not, with a few exceptions. (Coke Litl., § 222.) Indeed, the plaintiff's argument rests on this proposition; for he claims that the referee had no right to apportion the rent in this case, but was bound to state the whole as due the plaintiff. But it is worth noticing that, under the old common law, this proposition was applied in another way. If a man had a rent charge and purchased a parcel of the land, it was said, not that he could collect the whole rent out of the residue, but that all the rent charge was extinguished, and the annuity (that is the personal liability) also. (Id.)

Again, if the grantee of a rent charge purchase any of the land, he is absolutely without remedy. (Bacon's Abrigt. Annuity, C Rent, M. 1.) To the same effect, in Gilbert on Rents, 179. Because, says Gilbert, the rent issues out of every part of the land, and by the act of the grantee (*i. e.*, the landlord) it is impossible that the grant should operate in this manner. That is, the landlord, by taking away a part of the land, has prevented the rent from issuing out of the whole. Therefore it is extinguished. To the same effect, Brooke's Abridgement, Apportionment, 28. So, too, if the landlord releases a part of the land. (Brooke's Abrigt. Apportionment, 17.) Lord Coke explains the reason in the same manner. (Coke Litl., 147, *b.*) This is recognized in *Nellis* v. *Lathrop* (22 Wend., 121.)

And, again, if a man grant a rent charge out of two acres and the grantee (that is, the so-called landlord) recover one acre by paramount title, the rent shall issue out of the other. (Coke Litl., 148, *a.*) Because this was the fault of the grantor (*i. e.*, the tenant) to grant a rent out of what he did not own.

There were some cases where, either by agreement of parties or of necessity, a rent charge was apportioned. For instance, if title to a part came to the landlord, not by his own act,

but by inheritance. (Coke Litl., § 224.) So if B make a lease for life to A. of one acre, and A. own another acre in fee, and grant a rent charge to B. out of both, and then do waste in the first acre and B. recover that acre for the waste, the rent is apportioned; because A. shall not take advantage of his wrong in doing waste. And the whole rent cannot issue out of the other, *because B has taken the one acre under the estate of A.* (Coke Litl., 148b.) But the whole rent cannot issue, even in this case, from part of the land.

Again, in Bradley on Distress (p. 33), it is said that the grantee of a rent charge cannot sever any part of the land from the rent without extinguishing the whole rent. It has sometimes been said that if a part of the land is recovered by title paramount, the rent shall be apportioned. (*Mayor v. Ketchum,* 67 How. Pr., 161.) This was a case of rent service. (*Lawrence v. French,* 25 Wend., 443.) This statement does not notice the distinction made by Lord Coke, between the *grant* of a rent and the *reservation* of a rent. (Coke Litl., 148, b.) Even in the case of a lease for life or years, with clause of re-entry, if the lessor enter into any part, he cannot re-enter for rent in arrear after. (Brooke's Abrigt. Condition, p. 193; Viner's Ab., Rent, a 2; Brooke's Abridgt. Apportionment 7.)

It may illustrate this matter further, to notice the remedy of the landlord. Where, as in a rent seck, he could not distrain, a demand and refusal made a disseisin; and he could have an assise. (Coke Litl., § 233, fol. 153 b.) " And in assise for rent seck, which sometimes was a rent service, *all the tenants must be named,* as in a rent charge, albeit he was disseised by one sole tenant." (Coke Litl., 150b and 155 b, note e [2d Am. Ed.]) Again, " where a man is disseised of a rent charge, or of a rent seck, it behoveth that *all the tenants of the tenements charged be named in the writ of assise and all the land put in view,* although he was disseised by one tenant only; but it is otherwise of a rent service." (Fitz. Nat. Brev., 178 D.) This was, doubtless, for the reason above given, viz., that the rent charge or rent seck could not be apportioned; and a recovery of part of the land would extinguish the whole rent.

In the present case the defendant has not appealed. The question, therefore, whether, after the recoveries, any recovery could be had against this defendant does not arise. He is contented with the apportionment. It is the landlord who claims the whole rent.

The defendant was not a party to the leases. He is only an assignee of part of the land. His personal liability is to be apportioned according to the value of his land. ( *Van Rensselaer* v. *Jones*, 2 Barb., 643 ; *Van Rensselaer* v. *Bradley*, 3 Denio, 135 ; *Van Rensselaer* v. *Gallup*, 5 id., 454.) Now, if the extent of the defendant's liability on the covenants as assignee of a part of the land is to be apportioned according to the value of the premises occupied by him, it seems most reasonable that only the sum thus ascertained should be stated as the amount to be paid by him for redemption.

We have already pointed out that the plaintiff, by his own acts, has put it out of the defendant's power to redeem the whole premises. The plaintiff has thus forced upon the defendant an apportionment, assuming that the rent was not by plaintiff's acts entirely extinguished.

The plaintiff urges that, admitting such apportionment to be just as to rent arising after the former recoveries, it does not apply to the previous rent. We think this is not correct. The payment of the whole rent in arrear must be a redemption of the whole premises. (Code, § 1509.) If the plaintiff has prevented that result, then the defendant, in order to redeem his part, cannot be liable to pay anything beyond a just apportionment. It does not lie with plaintiff to enforce against the defendant the doctrine that a rent charge cannot be apportioned, when he has taken back to himself the greater part of the land out of which the rent was to issue, and when he has thus prevented a redemption of the whole premises by the payment of the rent in arrear on the whole lease.

Judgment affirmed, with costs.

BOCKES and LANDON, JJ., concurred.

Judgment affirmed, with costs.