OPINION of the Court, by
Judge Boyle.
This was an action of trespass, brought by Conner against *606 Owens, for seizing, taking, and earring away divers o£ his goods and chattels, particularly mentioned in the declaration, and disposing and converting themto his, the said Owens’s, use,
For rent re-ferved in iron, the landlord may diftxain, but cannot fell the goods dis-trained.
By felling the goods he makes himfelf a tres-paííer ab hiño.
Owens justified taking and selling the goods-as a distress for rent arrear.
In support of the matters alleged by him in his justification, he produced in evidence on the trial a deed, whereby it appeared that he had leased to the plaintiff and Daniel Conner the Slate forge for the term of two years, and that they, on their part, covenanted to pay, at the expiration of each year, twelve hundred dollars, to be discharged with six tons, of good bar iron. He also proved, by parol testimony, that after the respective times of payment mentioned in the lease, he had repeatedly demanded the bar iron, and that there remain, ed, when the distress was made, twelve hundred dollars or more of the rent due and unpaid.
But, upon motion of Conner’s counsel, the court instructed the jury to disregard the evidence, as being incompetent to shew that Owens had a right to distrain and sell. To this instruction of the court Owens excepted, and a verdict and judgment being given against him, has prosecuted this writ of error.
The correctness of the decision of the circuit court upon the evidence produced by Owens in support of his justification, is the only point made by the assignment of error.
That a distress may be made for rent service, or rent charge, reserved in bar iron, or other property, as well as when it is reserved in money, we have no doubt, provided the rent be certain, or be capable of being reduced to a certainty ; for id certain est quod, certum reddi potest. To this purpose see Co, Litt. fol. 142 a, where, speaking of rent service, for which, when in arrear, the landlord may distrain of common right, the author says, “ the rent may as well be for the delivery of hens,.capons, roses, spurres, bowes, shafts, horses, hawks, peper, wheat, or other profit that lyeth in render, office or attendance, and such like, as in payment of money.” The same doctrine is laid down by Blackstone in his Com. 2 vol. p. 41.
It seems, therefore, to furnish no objection to the right of distress in the present case, that the rent reserved was to be paid in bar iron.
*607 But at common law, the goods distrained were not liable to be sold. If, when the distress was made, the tenant obstinately refused (notwithstanding the inconvenience it imposed upon him) to make satisfaction or pay the rent in arrear, this mode of redress was ineffectual and unavailing. In this respect the law was the same, whether the rent was payable in money or property. But by an act of the Virginia legislature, passed in 1748, goods or chattels distrained for rent payable in money or tobacco, are made liable to be sold in the same manner as goods and chattels taken in execution — (See old body of V. Laws, p. 202.) This act has, however, justly and wisely confined the right of selling the goods distrained to cases where the rent reserved is payable in money or tobacco, leaving the landlord, where the rent is payable in other things, to his remedy at common law. Admitting, then, Owens’s right to make the distress, as the common law gives no authority to sell, and his case does not come within the provisions of the statute just mentioned, a question occurs whether, by-selling the goods, he became a trespasser. The law on this point seems clearly against him. A distinction is taken between an authority or license, given by the party, and where it is given by the law. In the former case, no subsequent abuse of the authority will make the person acting under it a trespasser ; but in the latter case, if the person misdemeans himself, or makes an unlawful use of the authority so given, he shall be held a trespasser ab initio: for, from the subsequent act, the, law judges quo animo the first was done — (See 8 Co. 290, the six carpenters’ case, and Esp. 381.) It is clear, therefore, that the distress, if rightfully made by Owens, was vitiated by the subsequent sale, and that h* thereby became a trespasser ab initio.
Judgment affirmed.