### COOKE VS FARINHOLT.

1. Damages equal to the statute rate of interest, are recoverable upon a sum of money due for the *use and occupation* of a house, &c.

THIS was an action of *assumpsit*, in the Circuit Court of Marengo, by the defendant in error, against the plaintiff, to recover four hundred and forty-six 56-100 dollars, for the use and occupation of a house in the town of Demopolis. There is no plea in the record, but the cause was submitted to a jury as on issues joined, who returned a verdict for the plaintiff below, for four hundred and ninety-four dollars and forty-eight cents, on which a judgment was rendered.

On the trial, the defendant excepted to the charges of the presiding Judge, to the jury, and to the refusal to charge as prayed.

From the bill of exceptions it appears, that evidence was offered by the plaintiff, tending to prove his cause of action ; but no evidence was adduced, of any contract to pay interest on plaintiff's demand after it became due, or of any custom by which the parties may have been supposed to contract in reference to the interest of the amount due.

The Court charged the jury, that although there was no contract between the parties to pay interest after the plaintiff's demand appeared to be due, nor any evidence of a custom, in reference to the payment of interest on such accounts, yet the jury might, in their discretion, allow interest after the rent became due.

The defendant's counsel prayed the Court to charge the jury, that interest upon accounts were regulated by law, and did not rest in the discretion of the jury ; but the Court refused thus to charge, and instructed the jury that it was a *matter* in their discretion, to give interest or not, after the plaintiff's demand became due : and the jury returned a verdict for the sum claimed, with interest.

To review the judgment of the Circuit Court, the defendant has sued a writ of error to this Court.

Cooke v. Farinholt.

PECK & CLARK for the plaintiff in error—insisted that it did not appear there was any contract to pay a sum certain on a certain day, for the use and occupation of the house, and no interest was recoverable, or if any, it could only be calculated from the date of the writ. If this view is correct, the Circuit Judge erred in his charge. Marr's ex'ors vs. Southwick, et al. 2 Porter's Rep. 375, '6 ; Moore vs. Patton, Donegan & Co., 2 Porter's Rep. 451, and the cases there cited.

HUNTINGTON, for the defendant, contended, that where a debt, arising out of a contract, which does not carry interest, is wrongfully withheld, the jury may allow interest in the shape of damages—3 Bing. Rep. 353 ; 3 Camp. Rep. 258 ; 13 East's R. 98 ; 1 ib. 400 ; 2 Bos. & Pul. Rep. 337 ; 2 Wm. Bla. R. 761 ; 3 Wils. Rep. 205 ; 3 Cowp. R. 468.

In Pennsylvania, interest is recoverable for money had and received, on money paid by mistake after re-payment demanded. 9 Sergt. & R. Rep. 409. Also, on a policy of insurance, —for work and labor done—on rent from the time it falls due— on an open account, where a certain time is fixed for payment— and generally, in all cases where one person detains money belonging to another. 6 Binney's Rep. 488.

COLLIER, C. J.—In the first count of the declaration, the plaintiff alleges, that on the first day of January, 1840, the defendant was indebted to him in the sum of four hundred and forty-five dollars and fifty-six cents ; and it is stated in the bill of exceptions that the plaintiff offered evidence tending to prove his cause of action. Now, although it was not indispensable to prove an indebtedness on the precise day alleged, yet if necessary to sustain the judgment, it may be presumed that the sum demanded was due at the time stated. In this view of the case, the charge of the Circuit Judge is fully sustained by the decision of this Court, in Moore vs. Patton, Donegan & Co. 2 Porter's Rep. 451. In that case, the Court say—" It is a rule founded in justice, that when a man has been kept out of his money, he should be allowed a reasonable compensation for its use."

In the case of Crawford vs. The ex'ors of Simonton—7 Porter's Rep. 110—we held, that although the statute, in some cases, gave interest, *eo nomine*, to the creditor, it did not neces-

Cooke *v.* Farinholt.

sarily follow, that in cases not within the statute, he was not entitled to damages for a delay of payment as a substitute for interest ; but in such cases the statute rate of interest must be considered as the value of the use of money, and furnish a rule by which to admeasure the damages for its detention. It is further said, " that the allowance of interest, except upon the particular liabilities embraced by statute, must depend upon the circumstances of the case. To avoid its payment, it is competent for a defendant to show that he is not in fault in the non-payment of the principal sum ; as, that the plaintiff had been absent from the country, without having left a known agent, &c. But if the defendant offers no excuse for his delay, the plaintiff is entitled to recover interest as damages." This case was decided upon a review of many English and American adjudications on the point, and we think is a direct authority to show that damages, equal to the statute rate of interest, are recoverable upon a sum of money due for use and occupation. This view renders it unnecessary to consider whether the present case comes within the statute.

There is then, no error, either in the charges given to the jury, or in that refused, unless it be in having submitted it to their discretion, to allow or refuse interest where no excuse had been offered for the non-payment of the plaintiff's demand ; but if in that there be error, it was for the defendant's benefit, and he can not complain.

It remains but to add, the judgment must be affirmed.