## WASHINGTON GENERAL TERM, May, 1848.   *Hurlbut, Willard, and Hand,* Justices.

### VAN RENSSELAER *vs.* JONES.

Where both the subscribing witnesses to a deed are dead, proof of the hand-writing of either is sufficient to entitle the deed to be read in evidence.

*It seems* that after the lapse of thirty years, the death of the subscribing witnesses may be presumed.

In covenant, against the assignee of the lessee, for rent, if the assignee is shown to be such only of a part of the demised premises, the rent must be apportioned according to the value of the part held by him, compared with the whole value.

If there is no proof on the subject, as to relative value, the whole will be presumed of equal value, and an apportionment according to quantity of land is *prima facie* right.

Where, in covenant, by the assignee of the lessor against the assignee of the lessee, it is charged in the declaration, that " *all the estate, right, title and interest of the lessee of, in, and to the demised premises with the appurtenances thereof legally came to, and vested in the defendant,*" and the defendant, besides the plea of non est factum, takes issue on the assignment, it is not a variance entitling the defendant to a nonsuit, if the defendant is shown to be the assignee of only a *part* of the demised premises.

Strict proof, with regard to quantity, is rarely necessary, unless the subject of the averment is a *record*, a *written instrument*, or an *express contract*.

The case of *Hare* v. *Cator*, (*Douglas*, 766,) explained, and questioned.

In ejectment, the plaintiff may recover for a less number of acres, or a less *aliquot* part, than he has declared for.   *Holmes* v. *Seeley*, (17 *Wend.* 79,) disapproved as far as it conflicts with *Vrooman* v. *Weed*, (*ante, p.* 330) upon this point.

It is a rule of pleading that when the facts which constitute the plaintiff's cause of action are supposed to be in the knowledge of the defendant, but not of the plain-

Van Rensselaer *v.* Jones.

tiff, less particularity of statement is required in the declaration, than would otherwise be necessary.

This applies not only to a description of his title, but to the *quantity of land* of which he has become sssignee.

The assignee of the lessee is not liable on the privity of contract, *but on the privity of estate.*

The plaintiff may declare against a defendant, as assignee, of a specified *part*, and thus limit his right to recover, to such proportion; or he may charge him as assignee of the whole, and leave the defendant to show by plea, or by evidence, if he has taken issue on the assignment, that he is only liable for a less proportion.

The ancient mode of traversing the assignment preferred to the modern; but either will let in evidence to make an apportionment of the rent.

The assignee of the lessee, of *part* of the demised premises, is not liable in debt or covenant for the *whole* rent. The rent must, in such case, be apportioned.

*It seems*, that an assignee of the lessee, as to *part* of the demised premises, cannot plead in abatement, the non-joinder of the owners of the residue of the demised premises.

In general, evidence that the defendant occupies the demised premises, affords *prima facie* evidence that he is in as assignee.

An *under-tenant* or *subtenant* of the lessee, holding a *less quantity of interest* than the lessee, cannot be charged as assignee. There is no *privity* between him and the *lessor* or his assigns.

The interest of a *subtenant* would not *merge* in the estate of the *lessor* if acquired by him; nor can the former *surrender* to the *latter*.

*It seems*, that an eviction of the tenant as to *part* of the demised premises, is no bar to the *whole* rent. It is only a bar *pro tanto*; and the rent must be apportioned.

Interest is of right recoverable in covenant for rent payable in money, to be computed from the time it became payable. It is in like manner recoverable in covenant for rent payable in *wheat*, when the quantity to be annually delivered is specified, and the time and place of delivery are fixed and certain.

A contract that interest, if not paid when it becomes due, will carry interest, is not prohibited by the statute against usury. But *it seems*, the courts of this state will not enforce such a contract, because of its being against public policy and tending to oppression and abuse.

The distinction pointed out between interest upon a sum certain, depending on the agreement of the parties, and interest upon interest.

The principles on which interest is recoverable, stated and explained.

THIS was a motion, by the defendant, to set aside the report of a referee. The referee reported that the sum of $96,13 was due to the plaintiff, from the defendant. The facts in the case, and the grounds of the motion, are stated in the opinion of the court, and in the arguments of the counsel.

Van Rensselaer v. Jones.

*J. Holmes*, for the defendant. I. The leases were improperly permitted to be read in evidence by the referee; because there was no sufficient proof of their execution. No inquiry was made for the subscribing witness Witbeck; and no evidence was given of his death by any person who had any knowledge on the subject. And there was nothing to supply this deficiency in the proof, to entitle these leases to be read; except as to the one given to Silas, Benjamin and Norman Jones. (*Cowen & Hill's Notes to Phil. Ev.* 612, 613, 614. 9 *Cowen*, 140.) II. If the plaintiff was entitled to recover at all, it was only under the lease to Silas, Benjamin and Norman Jones; because the other two leases were not entitled to be read in evidence. III. The defendant was charged by the referee with rent for 175 acres under the lease above mentioned; whereas, by the evidence he should only have been charged for 140 acres, which would have reduced the amount reported due, to less than $50. IV. The plaintiff was not entitled to recover interest, the rent being payable in wheat. (*Van Rensselder* v. *Plattner*, 1 *John. Rep.* 276. *Lush* v. *Druse*, 4 *Wend.* 313.) The question of interest remains as at common law, and cannot be recovered except upon a contract for the payment of it, express or implied. The statute does not change the common law in any other respect than by limiting the amount. (*Rensselaer Glass Factory* v. *Reed*, 5 *Cowen*, 587. *Page* v. *Newman*, 9 *Barn. & Cress.* 378. *De Haviland* v. *Bowerbank*, 1 *Camp.* 50. *Arnot* v. *Redford*, 3 *Bing.* 353. *Hogan* v. *Page*, 1 *Bos. & Pul.* 337. *Newell* v. *Griswold*, 6 *John.* 45.) Interest is not recoverable upon unliquidated accounts, nor on uncertain demands. (5 *Cowen*, 587. 1 *John.* 315.) Whether interest is recoverable is a question of law. (3 *Caines*, 234, *per Spencer, J.*) Interest is not recoverable on a demand payable in any thing other than money, without an express agreement to pay it. (*West* v. *McCord*, 4 *J. J. Marsh.* 173. *Foster* v. *Western*, 2 *Barn. & Cress.* 348. 6 *Bing.* 709.) Interest is not recoverable, in England, on rents reserved, although payable in money, and on a day certain, when debt or covenant is brought upon the lease. (6 *Bing.* 709.) The same rule prevails in some of our sister

Van Rensselaer v. Jones.

states. (*Dow* v. *Adam*, 5 *Munf.* 21, *and cases cited*.) In South Carolina, on a verbal contract to pay a certain sum for rendering services interest is not recoverable. (1 *Hill's So. Car. Rep.* 393.) The courts sometimes allow interest, even in actions upon contract, to be found by the jury by way of damages, where there is no express contract for its payment; but this is on the ground of fraud or gross misconduct, and raises no implication of a contract to pay. (*Amory* v. *McGregor*, 15 *John.* 24.) The result of all the cases seems to be, that where interest is not reserved by an express contract, it will not be implied, except 1st, upon an express agreement to pay money at a given day; or 2d, upon some known and established usage of trade to pay interest. In short, an implied contract for the payment of interest is not raised, except upon commercial paper, or other commercial or mercantile transactions. The few cases where interest has been allowed, in this, and some of the other states, upon paper or contracts not strictly commercial, are to be looked upon as inadvertent misapplications of this principle of commercial law rather than in any other light—as the cases arising upon commercial transactions have many of them been considered and decided without stating that it was so held, on the ground that it was a commercial transaction. But Tindall, Ch. J. in the case of *Foster* v. *Western* above cited, evidently regards this as the true line of distinction between the cases. In reasoning from analogy, this case can be better likened to the payment of interest due upon a mortgage, than to any other thing. Indeed it is a perpetual mortgage for an annual interest, the principal of which is never payable. Take away the clause authorizing a distress for rent, and a mortgage alone is left. This clause does not aid the plaintiff, upon this question, because it never has been held, any where, that you could distrain for interest. (*Lansing* v. *Rattoon*, 6 *John.* 43.) It is equally clear that you cannot collect interest upon interest, by an implied contract. And this clause rebuts the presumption that interest was to be paid; and shows that the cases giving interest upon rents have not been well considered. V. The referee could not apportion the rent according to the number of acres

---

Van Rensselaer *v.* Jones.

---

occupied, without some evidence as to value. VI. The plaintiff had not a right to take a range of two months in fixing the price of wheat. He was bound by the value on the 1st day of January, and of this there was no evidence. VII. He should have proved the quantity of land laid in his declaration to be possessed by Jones, according to his averment. (*Hare* v. *Cator*, *Cowp.* 766. *Curtis* v. *Spitty*, 1 *Bing. N. C.* 756. *Armstrong* v. *Wheeler*, 9 *Cowen*, 88.)

*D. Buel, Jun.* for the plaintiff. I. It having been proved that both the subscribing witnesses to the lease were dead, proof of the hand-writing of one of them was sufficient proof of the execution of the lease. After 30 years, attesting witnesses will be presumed dead. (2 *Cowen & Hill's Notes, p.* 1300, *n.* 897. *Id. p.* 1316. *Jackson* v. *Cody*, 9 *Cowen's Rep.* 140. *Jackson* v. *Burton*, 11 *John.* 64.) II. The referee properly apportioned the rent, viz. in proportion to quantity. There was no proof, or offer to prove, that the part held by the defendant was not fully equal in value to the residue of the premises. No issue respecting apportionment was made in pleading. The defendant cannot therefore call the apportionment in question. The referee had a right to assume that the defendant's portion was of the average value of the whole. (*Lansing* v. *Van Alstyne*, 2 *Wend.* 561.) It belongs to the tenant to show, by his plea and proof, what the relative value is. (*Bac. Ab. Rent, M.* 3. *Hodgkin* v. *Robins, Vent.* 276.) III. Interest is recoverable on rent payable in wheat. (*Lush* v. *Druse*, 4 *Wend.* 313.) The question is *res adjudicata.* The report of the earlier case in 1 *John. Rep.* 276, is so meagre that the ground of the decision cannot be gathered from the report. It may have been on the ground that no *place* for delivery of the wheat was fixed in the lease. If the question was still open, interest should be allowed, from analogy. The English cases respecting interest are not adopted here. But "when there is a written contract to pay money or other thing on a day and at a place fixed, and the contract is broken, interest is allowed." (*Spencer* v. *Tilden*, 5 *Cowen*, 164. *Williams* v. *Sherman*, 7 *Wend.* 109. *Stitt*

v. *Hall,* 20 *Id.* 51, 52.    *Selleck* v. *French,* 1 *Conn. Rep.* 32, 33.    *Chit. on Con.* 644, *and cases cited, n.* 1, *ed.* 1842.    *Reid* v. *Renss. Glass Factory,* 3 *Cowen,* 387.    *S. C. in Error,* 5 *Id.* 587.)    IV. The plaintiff was not bound to prove that the defendant held as assignee the exact quantity of land stated in the declaration.    Under the first count, which states that the defendant was assignee of the premises, it was competent, upon the pleadings, to show that he was assignee of part. (1.) This position is sustained by authority in analogous cases. Thus, in ejectment at common law, the plaintiff might always recover a less number of acres, or a less aliquot portion than was stated in the declaration.    (*Runnington,* 245.    *Guy* v. *Rand, Cro. Eliz.* 12, 13.    *Denn* v. *Purvis,* 1 *Bur. Rep.* 326. *Seward* v. *Jackson,* 8 *Cowen,* 427.    *Bear* v. *Snyder,* 11 *Wend.* 592.    *Carroll et al.* v. *Norwood's heirs,* 5 *Har. & John.* 164. *Clay* v. *White,* 1 *Munf. Rep.* 169.)    The case in Burrow was thoroughly argued, and well considered ; in which it was held that in the declaration for one-half, a recovery for one-third was proper.    (2.) Under the second set of counts alleging defendant to be assignee of part, to wit, three-fourths, two-thirds, nine-tenths of demised premises, the plaintiff had a right to show that the defendant was assignee of any *less* quantity.    *Quantity* need not be stated according to the truth ; nor is it necessary to prove an averment of quantity strictly ; unless the subject of the covenant is a *record,* a *written instrument,* or an *express contract.* (*Lawes on Plead.* 48, 49.    2 *Saund.* 291, *b. and c.* (*m.*)    1 *Cowen,* 676. *Gladstone* v. *Neal,* 13 *East,* 410.    *Crispin* v. *Williamson,* 8 *Taunt.* 107.)    Even in penal actions this is the rule.    (*Sergeaunt* v. *Tilbury,* 16 *East,* 416.    *Bradford, qui tam,* v. *McIntosh,* 3 *T. R.* 692.    4 *Id.* 314.    *Gould on Plead.* 164, 186. *Gwinnet* v. *Phillips,* 3 *T. R.* 643 *to* 646.    *Cro. Car.* 262.    2 *Black. Rep.* 1104.    *Wilson* v. *Codman's Ex'r,* 3 *Cranch,* 208, 209.    *Peppin* v. *Solomons,* 5 *T. R.* 497, 8.)    When the averment of quantity is *dehors* the written contract, it need not be strictly proved.    (3.) Again, it is a rule of pleading, that when a fact lies in the knowledge of the defendant, less particularity of statement is required in the declaration.    (*Gould's Pl.* 184.

1 *Chit. Pl.* 269, ed. 1833.  *Com. Dig. Pl. C.* 26, 242.  *Gale*
v. *Reed,* 8 *East,* 85.   *Gaffney* v. *Colvill,* 6 *Hill,* 578.   *Brad-*
*shaw's case,* 9 *Rep.* 61.   *Woodf. Land. & Ten.* 420.   *Norton*
v. *Vultee,* 1 *Hall's Rep.* 384.)   The case in 1 *Hall* is the pre-
cise case of stating the quantity which the defendant held as
assignee.

As to the case of *Hare* v. *Cator,* (*Cowp.* 766,) relied on by the
defendant's counsel, we say (1.) That case, as stated in the
very brief opinion reported, is contrary to all the rules of plead-
ing and proof in similar cases, as before shown.   (2.)  The case
as explained in *Merceron* v. *Dowson,* (5 *Barn. & Cres.* 479,)
does not establish the position contended for.   Indeed, *Merce-*
*ron* v. *Dowson* fully supports the referee in this case.   But the
defendant's counsel will contend that *Curtis* v. *Spitty,* (1 *Bing.*
*N. C.* 756,) sustains the reported decision in *Hare* v. *Cator.*
To this we answer (1.)  The court, in their opinion in *Curtis* v.
*Spitty,* show a doubt as to its correctness, and rest it entirely
on the authority in Cowper, as understood by the reporters of
*Hare* v. *Cator,* (1 *Chit. Pl.* 49, 110, 116, 117, ed. 1844.
*Congham* v. *King, Cro. Car.* 221.)   (2.)  The action in *Cur-*
*tis* v. *Spitty,* was debt.  Ours is covenant.  In England debt will
not lie against the assignee of part of premises.   (3.)  Although
the case of *Hare* v. *Cator* may control in England, it cannot
here ; for our courts have asserted a different rule in *Lansing*
v. *Van Alstyne,* 2 *Wend.* 561,) and *Norton* v. *Vultee,* (1 *Hall,*
384.   (4.)  If the rule supposed to be established in *Hare* v. *Ca-*
*tor* is to be applied here, it will be impossible for the holders of
rents to recover them by action at law on the covenants of the
leases.   For original tracts, in all our agricultural districts are,
within a few years after the leases are obtained, so cut up by
deeds, wills, partitions and descents, as to render it impractica-
ble for the landlords to ascertain the *precise quantity* held by
each tenant.   (5.)  In *Hare* v. *Cator* there was but one count,
which alleged that all the demised premises came to the defen-
dant by assignment.   In this case there is a second count,
alleging that part came by assignment, &c.

V.  As to the objection that the clause contained in the leases

Van Rensselaer *v.* Jones.

requiring an offer to be made to lessor, with 21 days to accept, and in case of sale to pay an additional rent, is void, and that such a clause makes the other covenants void, we answer (1.) That the question could not be raised under the pleadings. The illegality alleged required to be specially pleaded. (*Phil. Ev.* 148. *Whelpdale's case,* 5 *Rep.* 119, 3*d res.*) (2.) But if the question can be raised under the plea of *non est factum,* it is *res adjudicata* in this court. Several decisions have been made declaring the validity of similar covenants in leases. (*Jackson* v. *Corliss,* 7 *John.* 531. *Jackson* v. *Schutz,* 18 *John.* 174. *Jackson* v. *De Groot,* 7 *Cowen,* 285.) (3.) But if the court consider the question open, these covenants are valid at common law. They do not prohibit alienation, but modify the right, and are consistent with the nature of the estate— a fee qualified. (*Co. Lit.* §§ 361, 223, *a. and b.*) (4.) Such covenants are not prohibited by the act concerning tenures, passed 20th of February, 1787. (1 *R. L. of* 1813, *p.* 70.) For the explanation of this act we refer to the reviser's notes. (2 *R. S.* 564, 567, *App.* 2*d ed.*) The fines for alienation, abolished by the act of 1787, were *incidents* of *feudal* tenures ; not created by the deed of the parties, but originally exacted by the feudal lords, and subsequently regulated by parliament, by *Stat.* 1 *Edw.* 3, *ch.* 12, and were enforced by the process of the court of chancery. (4 *Kent's Com.* 440 *to* 445. 2 *Bl. Com.* 71, 72, 89. *Cruise, tit. Deed, ch.* 1, §§ 12 *to* 15. *Sull. Lec.* § 15, *pp.* 146 *to* 150, *gives the history of fines for alienation.*) To call the payment of an extra gale of rent on alienation, pursuant to a stipulation in the lease, a fine for alienation, is a perversion of terms. Fines for alienation were *compulsory* feudal exactions. The right to extra rent in our leases is *conventional,* by express covenant. (5.) Even if the prohibition, in the act of 1787, of fines for alienation makes the covenants in question invalid, the lease is not thereby void, nor the covenants to pay rent. (*Estwick* v. *Caillaud,* 5 *T. R.* 425, *per Lord Kenyon. Darling* v. *Rogers,* 22 *Wend.* 483. *Van Vechten* v. *Van Veghten,* 8 *Paige,* 121. *Parks* v. *Parks,* 9 *Id.* 117, 118. *Doe* v. *Pitcher,* 6 *Taunt.* 359.) The statute of 1787

Van Rensselaer v. Jones.

does not declare leases void in which fines for alienation are contained. (6.) It is not competent for a tenant, in an action of covenant on the lease, any more than in ejectment between landlord and tenant, to impeach the landlord's title. (*Bull. N. P.* 170. *Woodf.* 207, 8. *Rempe* v. *Goodall,* 2 *Ld. Ray.* 1154. *Parker* v. *Manning,* 7 *T. R.* 537. *Jackson* v. *Davis,* 5 *Cowen's Rep.* 123.) VI. The objection that several claims for rent against an assignee of lands demised by several lessees cannot be united in one suit, is not well taken. If the objection could be taken at all, it should be on demurrer. (1 *Chit. Pl.* 205, *ed.* 1844.) The form of the action on all the leases is the same; and the same judgment is to be given. This is the test by which the right to join is determined. (2 *Saund. Rep.* 117, *notes c, d, e. Union Cotton Manufacturing Co.* v. *Lobdell,* 13 *John.* 462.)

*By the Court,* WILLARD, J. The plaintiff, as devisee of his father, the late Stephen Van Rensselaer, who died in 1839, brought an action of covenant against the defendant, as assignee of the lessees of the said Stephen Van Rensselaer, to recover arrearages of rent which accrued since the death of the said Stephen. The leases, three in number, purported to be executed by the late Stephen Van Rensselaer, of the first part, and one of them by Benjamin Jones, Silas Jones, and Norman Jones of the second part; another by Abel Jones of the second part; and the third by Anna West of the second part. They all bore date in 1793, and were witnessed by two subscribing witnesses, Robert Dunbar, jr. and Thomas L. Witbeck. They conveyed certain premises therein mentioned, situate in the county of Rensselaer, in perpetuity, to the respective lessees, "yielding and paying therefor, yearly and every year during the continuance of the grant, unto the said Stephen Van Rensselaer, his heirs and assigns, the yearly rent of [so many] bushels of good clean merchantable winter wheat, to be delivered at the now mansion house of the said Stephen Van Rensselaer, in the town of Watervliet, unless specially directed by the said Stephen Van Rensselaer, his heirs, executors, ad-

ministrators or assigns, to be delivered at some other place, not more than one mile distant from the said mansion house, or the spot where it is now erected, in and upon the first day of January in each year." The number of acres of land and the quantity of wheat are expressed in each lease; and each lease contains a covenant on the part of the lessee, his heirs, executors, administrators and assigns, to pay the said rent. The declaration contains two counts on each of said leases; the first count charging the defendant to be the assignee of the whole estate of the original lessee in one lease; and the second count charging him to be the assignee of a designated proportional part. The third and fourth counts are of a similar character, upon the second lease; and the fifth and sixth counts are of the like character upon the third lease.

The breach in the several counts is for the non-payment of the rent which fell due in wheat after the death of the said Stephen Van Rensselaer, and after the estate of the lessee became vested in the said defendant by assignment. The plea is first, *non est factum* as to the said original lessees, in all the said leases; and second, denying that all the estate of the lessees vested in the defendant by assignment; and to the counts charging that a proportional part of the estate, specifying it, vested in the defendant by assignment, the pleas in like manner deny it; also a plea of set off; on all which issues were taken.

The cause was heard before a sole referee on the 7th of June, 1844, who reported in favor of the plaintiff. The questions decided by the referee, and which are complained of on this motion, will be noticed as they occurred. 1st. It was insisted, in the first place, that the execution of the original leases, by the lessees, was not sufficiently proved. Mr. Pruyn, the plaintiff's witness, testified that " he was acquainted with Witbeck and Dunbar, the two subscribing witnesses to the leases, and that they are both dead; that he was well acquainted with Dunbar's hand-writing, having often seen him write; that he had never seen Witbeck write, but had seen what was said to be his hand-writing, very often; that Witbeck was formerly

agent of the patroon. That the signature of Dunbar as a witness to said leases is in his proper hand-writing. That he did not know when or where Witbeck died; that he had heard and understood he was dead over forty years." As no inquiry was made of the witness as to where he obtained his information as to Witbeck's death, it is to be presumed that he obtained it from such sources as entitled it to credit. The evidence of the death of both witnesses was satisfactorily proved; and, therefore, proof of the hand-writing of either them, *prima facie*, entitled the leases to be read in evidence. (*Jackson* v. *Cody*, 9 *Cowen*, 140.) Indeed the death of the subscribing witnesses, after thirty years, might be presumed. (*Cowen & Hill's Notes*, 1300, 1316, *where all the cases on the subject are collected.*) As to evidence of death by hearsay, see *Id.* 613, 614. 2d. On the hearing before the referee, the defendant was shown to be in possession of a *part* of the premises mentioned in said leases, claiming as owner, though not of the *exact* part set up in some of the counts, but of a less part; and the referee apportioned the rent by the acre, without reference to the value of the land; and he allowed interest upon such rent from the time it was due and payable. Out of these decisions the main controversy arises.

I. Assuming that the plaintiff was entitled to recover, it was right for the referee to apportion the rent according to the quantity of land held by the defendant. There was no proof, or offer to prove, that the part occupied by the defendant was of less value than the residue. *Prima facie* it was all of equal value. The defendant might have so pleaded as to require the apportionment to be made according to value. But he did not do so. That rent is apportionable in covenant against the assignee of the lessee, and that the question may be presented by the defendant's pleadings, will be seen in *Stevenson* v. *Lambard*, (2 *East*, 575,) and *Lansing* v. *Van Alstyne*, (2 *Wend.* 561.) The assignee of the lessee is liable only upon the privity of estate; and is therefore bound to pay rent for such part of the premises only as are in his possession. (*See* 3 *Denio*, 135.)

II. The question, therefore, arises whether the plaintiff was

Van Rensselaer *v.* Jones.

bound to prove that the defendant held as assignee the *exact quantity of land* stated in the declaration; and whether having failed to do so, the defendant was entitled to a nonsuit for the variance. If this question is open to be decided upon principle, the plaintiff is entitled to recover such amount of the rent, not exceeding the claim in the declaration, as the proof establishes. Strict proof with regard to quantity is rarely necessary, unless the subject of the averment is a *record*, or *written* instrument, or an *express contract*. (*Gould's Pleadings*, 164. *Gwinnet* v. *Phillips*, 3 *T. R.* 643 *to* 646.) In covenant for one hundred pounds rent, says Lord Kenyon, in the last mentioned case, the plaintiff may recover fifty. And it is every day's experience, in actions of trespass, replevin, and trover, for a plaintiff to recover a less *number* of articles than are claimed in his declaration.

In ejectment, at common law, the plaintiff might always recover a less number of acres, or a less aliquot portion than was stated in his declaration. In the well considered case of *Denn* v. *Purvis*, (1 *Burr.* 326,) the plaintiff having declared for a *moiety* of certain premises, was held entitled to recover *one-third* part of said premises. Lord Mansfield remarks, that if you demand forty acres you may recover twenty, if your proof justifies it. And so, he observes, it is in an assize; *part* may be recovered on a demand for the *whole*. And no possible objection can be made to this. For if *more* is laid, there is no reason why he should not recover *less*. The same rule prevails with us, except with regard to undivided shares, with respect to which this court held in a recent case that the ancient practice is modified by statute. A plaintiff, says Nelson, Ch. J. in *Holmes* v. *Seeley*, (17 *Wend.* 79,) "under a declaration for twenty acres, may recover ten; and if he claim an undivided share in twenty, he may recover such share in ten. But if he claim the whole he cannot recover a half; and if he claim a moiety he cannot recover a quarter." These last anomalies resulted from a construction which this court gave to the statute in that case, but which has been overruled by this court, and

Van Rensselaer v. Jones.

the ancient practice restored. (*See Vrooman* v. *Weed, ante, p.* 330; *Truax* v. *Thorn, ante, p.* 156.)

It is a rule of pleading that where the facts which constitute the plaintiff's cause of action, are supposed to lie in the knowledge of the defendant, but not of the plaintiff, less particularity of statement is required in the declaration, than would otherwise be necessary. Thus in an action by a lessor against an assignee of the term, it is sufficient as regards the defendant's interests, to aver in general terms that the estate of the lessee came to him by assignment; for the plaintiff is not supposed to know all the particulars of the defendant's derivative title. Whereas in an action by the assignee against the lessor, the declaration must state specially all the *mesne* assignments down to himself. For the assignee being privy to them, is presumed to be able to state them *specifically* ; and therefore is not allowed to allege his title *generally*. (*Gould's Pleading*, 184. 3 *T. R.* 767. 8 *East*, 85. 1 *Saund.* 112, *n.* See 3 *Denio*, 145, *per Jewett, J. in Van Rensselaer* v. *Bradley.*)

If the plaintiff may be thus *general* with respect to describing the defendant's *title*, in such a case, no reason is perceived in principle why he may not be equally general with respect to the *quantity* of land of which he has become the assignee. The defendant is not likely to be surprised more in the one case than the other. It has already been remarked that there is no privity of contract between the assignee of the lessee and the lessor, or his assignee. He is liable only upon the *privity of estate*. The plaintiff proves the *substance of the issue*, when he shows the defendant claims as assignee, any portion of the demised premises. The existence of the privity of estate between him and the defendant is thus established ; and as it has been shown that the rent can be apportioned, it becomes matter of evidence on the trial to what extent the defendant is liable. It is in general for him to give evidence, limiting his liability, unless such evidence has already been disclosed by the plaintiff's own proofs. The substance of the issue is all that the plaintiff is required to prove. The plaintiff may declare against the defendant as assignee of part ; and thus

Van Rensselaer v. Jones.

limit his title to recover to the portion known to be in the defendant's possession. That was done in *Gamon* v. *Vernon*, (2 *Lev*. 231 ; 2 *Saund*. 182, *n*.) *Pingrey* v. *Watkins*, (5 *Verm*. *Rep*. 479.) Or he may declare against the defendant as assignee of the whole, leaving the defendant to show by his pleadings an eviction from a part, as was done in *Stevenson* v. *Lambard*, (2 *East*, 575,) and see 3 *Denio*, 135. And it is presumed he may show by his plea of what part he is the assignee and defend as to the residue, by denying the assignment; or setting up any other defence that is available. It is the business of the jury, upon evidence produced, to apportion the rent to the value of the land. (3 *Kent's Com*. 469, *et seq*.)

The ancient form of pleadings in actions against the assignee of the lessee, afford strong evidence of the law. The *remedy* may always be referred to as illustrating the *right*, and *e converso*. The declaration avers in the usual form, that afterwards " all the estate, right, title and interest of the lessee, of, in, and to the demised premises, with the appurtenances, by assignment thereof, legally came to and vested in the defendant." The old mode of putting in issue this part of the declaration, was to deny that the estate of the lessee in the premises, " or *in any part thereof*," came to the defendant, &c. (5 *Went*. *Pl*. 72, 73,) or " that *nothing* of the demised premises" came to the defendant, &c. (2 *Rich*. *Pr*. 244.) Either of these modes puts in issue the declaration, without any affirmative implication. They assume, however, that if *any part* of the demised premises has vested in the defendant by assignment, he is liable *pro tanto*. But, the denial in this case, though according to the modern English precedents as found in Chitty, (2 *Chit*. 500, *ed*. 1809,) viz. that " *all* the estate, &c. of the lessee of and in, &c. by assignment thereof duly made, did not come to and vest in the defendant in manner and form, &c." is a negative pregnant, involving an affirmative implication, that some part of the estate of the lessee, or his estate in some part of the premises demised, may have come to the defendant by assignment. (*See Gould's Pl*. 320.) Such a traverse in an answer would not have been good since the days of Lord Bacon. It is not according to the anal-

ogy of pleading at law in other cases. (*See Bennett* v. *Holbech,* 2 *Saund.* 309, *and note c.* 2 *Lev.* 11.) It makes an *informal* issue, which is aided after verdict. The principle on which such informal issues are aided by the verdict is, the presumption that the same evidence was given to the jury as if the issue had been rightly framed. (1 *Saund.* 228, *note a.*) The form of a plea in bar to covenant for not repairing, is correctly given by Mr. Chitty, (*2d vol.* 501,) thus: "that the said messuage and tenement, farm-house and out-houses thereunto belonging, were not, *nor are, nor was, nor is any part thereof,* ruinous," &c. The traverse here is as broad as the charge, and it assumes that the plaintiff may recover, if *any part of the premises* are ruinous, &c. by the defendant's fault. Had the denial been in the negation of the charge, the pleading would have been informal, as involving a negative pregnant. But it would have been aided by verdict. (1 *Saund.* 228, *note a, supra.*)

I have thus treated the question upon principle, and perceive no objection to the plaintiff's recovering, under these pleadings, according to his proofs. They admit evidence of an assignment of part of the premises to the defendant, and of course of an apportionment of the rent. I will now proceed to examine it on authority.

The defendant's counsel rely on the case of *Hare* v. *Cator,* (*Douglas,* 766,) decided in 1778, as establishing the position that in a declaration against the defendant as *assignee of all the estate of the lessee* in certain premises, evidence that he is assignee of a *part,* is a fatal variance. The case is very obscurely reported, and does not seem to sustain the note of the reporter. It is explained in *Merceron* v. *Dowson,* (5 *Barn. & Cress.* 479,) decided in 1825; and Mr. Justice Bayley remarks upon it, "that the defendant there never was assignee of the interest in respect of which the plaintiff claimed the rent, for it was claimed in respect of the term which never was assigned, and the rent was issuing out of two distinct estates, in different counties, one of which never came to him." He proceeds: "There are many cases showing that the assignee of a part is

liable to be charged for that part;" and Littledale, justice, in the same case, remarks, " that either debt or covenant will lie for rent against the assignee of a *part* of the estate, according to *Gamon* v. *Vernon*, (2 *Lev.* 231.")

But the reasoning of the judge in *Merceron* v. *Dowson*, upholds the decision of the referee in this case. The case was covenant for not repairing, brought against the defendant, charged as assignee of the lessee. The defendant, among other pleas, pleaded that on the 5th of August, 1817, he became possessed of the undivided sixth part of the said premises as tenant in common with J. D. and T. O., and W. D. D., and that afterwards, on the 23d February, 1824, he became possessed of the undivided third part as tenant in common with W. D. D., and T. O., and that he was not assignee of the residue. The plaintiff demurred. The plea was held bad, and the plaintiff had judgment. Bayley, J. remarks, that the general form of declaring, describing the defendant as assignee of all the estate, &c. is allowed, because the plaintiff cannot be supposed to know the particulars of the defendant's title. That the defendant insisted, on the authority of *Hare* v. *Cator*, that no one, even when the plaintiff is in ignorance of any other assignees, is liable to be sued singly. After showing that *Hare* v. *Cator* did not support that proposition, he proceeds to show the plea was bad either in bar or abatement; that it did not admit that the defendant was liable to sustain any portion of the burthen, but denied that he was liable at all. " It should have been that he was not liable to the whole burthen in the manner charged. He should have pointed out the other persons liable, and then the plaintiff might have been compelled to include them in his declaration." Bayley, J. intimates that a defendant sued as assignee of the whole who is in fact assignee, but of part, should plead that fact in abatement, showing who the other assignees were. Littledale, J. says, " the ground of the defence set forth in the plea is that the whole of the premises did not come to the defendant by assignment. If that was held good as a bar, the decision would amount to this, that if a lessee makes assignments to various persons as tenants in com-

Van Rensselaer *v.* Jones.

mon, the landlord can never sue till he discover them all.   If the defendant meant to discharge himself of all liability beyond one-sixth or one-third, he should have confined his plea to so much of the action.   There may be a difficulty in saying that the defendant should have pleaded in abatement, for he might not know the tenants in common with him."   The remarks of Mr. Justice Littledale seem founded in reason.   There is no adjudged case where a plea in abatement in such case has been sustained.

The case of *Curtis* v. *Spitty*, (1 *Bing. N. C.* 756,) is urged as sustaining *Hare* v. *Cator ;* and it must be conceded that the point decided, as indicated in the margin of the report, is the same in both cases.   A doubt, however, is thrown over the accuracy of the report of *Hare* v.*Cator*, but the court of common pleas felt a reluctance to depart from it in a case where their decision could not be reviewed.   No attempt is made to establish the case of *Hare* v. *Cator* upon principle.   The plaintiff's counsel, in effect, contended that as the lessor had no means of ascertaining the precise share of the property assigned to the defendant, the defendant should have pleaded in abatement the non-joinder of the other assignees; and he was understood by the court as insisting, that the assignee of a *part* of the premises might be charged by the lessor in an *action of debt*, with the rent of the *whole land* comprised in the original demise.   This proposition, namely, whether there exists a privity of estate in respect of the *whole* land by an assignment of *part* only, opens, says the learned judge, a very nice and difficult question, not settled by any decision in the books, as far as he had ascertained.   The case was in fact decided upon the ground *that the issue had been found for the defendant in the precise terms in which it was raised.*   It does not appear that any offer was made by the plaintiff to apportion the rent and take a verdict for the proportion of which the defendant was proved to be in possession ; on the contrary, it is strongly to be inferred, that he claimed to recover the *whole* rent against an assignee of a *part* of the premises.   The case was one of pleading ; and as it arose in 1835, after the adoption of the new rules,

Van Rensselaer v. Jones.

it may have been influenced by the state of pleadings intro-
duced by those rules.   That the assignee of *part* of the prem-
ises is not liable for the *whole* rent, is clear from all the cases.
(*And see Van Rensselaer v. Bradley*, 3 *Denio*, 135.)

In *Armstrong* v. *Wheeler*, (9 *Cowen*, 88,) the question was
whether general evidence of occupany, under a claim of owner-
ship, was sufficient to establish the issue, on the part of the
plaintiff, in an action of covenant against the defendant, as as-
signee of the lessee, who had taken issue on the assignment ;
and it was rightly held sufficient.   The chief justice, in deliv-
ering the judgment of the court, states, on the authority of *Hare*
v. *Cator*, (*supra*,) that if a defendant is assignee of *part* of the
estate, and is charged as assignee of the *whole*, the variance
will be fatal.   But he enters into no reasoning to support it,
and the point was not essential to a decision of the cause.

In *Holford* v. *Hatch*, (1 *Doug.* 182,) and in the *Earl of
Derby* v. *Taylor*, (1 *East*, 502,) it was held that an *under-
tenant* of the lessee, holding a less *quantity of interest* than
the lessee, could not be charged by the lessor, in covenant *for
rent as assignee of all the estate, right, title and interest of
the lessee.*   Lord Mansfield remarked in *Holford* v. *Hatch*, that
the action could only be brought against the assignee of the
whole *term.*   There is no privity between a sub-lessee and the
original lessor.   He is not liable for the rent reserved in the
original lease, except so far as his goods and chattels, while on
the premises, are liable to a distress for the rent in arrear to the
original landlord.   (4 *Kent's Com.* 96.)   The interest of the
subtenant would not *merge* in the estate of the lessor, if ac-
quired by him, and he cannot *surrender* to the latter, but only
to his immediate landlord or his assignee.   (1 *Hilliard*, 125.)
It is obvious, therefore, that the cases which hold that neither
debt or covenant will lie by the original landlord against a *sub-
lessee* of a part of the *term*, depend upon principles which do
not conflict with the right of the landlord to maintain such
action against the assignee of a *part of the land* demised.   In
the latter case the privity of estate exists : in the former it
does not.

In *Lansing* v. *Van Alstyne*, (2 *Wend.* 561,) the action was covenant, by the assignee of the lessor, against the defendant as assignee of the lessee. The defendant denied, by his plea, that all the estate of the original lessee came to him by assignment. On the trial the plaintiff claimed to recover, without introducing any proof, on the ground that his whole case was admitted by the pleadings. The circuit judge so ruled, but allowed the defendant to give evidence that the estate he had in the premises was less than that averred in the declaration. The defendant showed himself in possession, and that he had been evicted as to three-eighths, but the circuit judge, nevertheless, held that the plaintiff was entitled to recover the whole claim. On motion for a new trial upon a *case*, the chief justice remarked that the *onus* of proving the averment in the declaration, that all the estate, &c. came to the defendant by assignment, was on the plaintiff, and that for the want of such proof he should have been nonsuited ; but as the defendant showed that he was in possession of the demised premises, it supplied the defect of the plaintiff's proof. That possession was prima facie evidence that he was such assignee. That proof of eviction from three-eighths, had it been pleaded specially, would have been a bar to that proportion of the rent; but as the pleadings did not admit of the apportionment, they refused to disturb the verdict. This case is an authority for the position that an *apportionment* is matter of defence, and must be presented by plea. *Stevenson* v. *Lambard*, (2 *East*, 575,) is to the same effect.

It may be doubted whether the case of *Lansing* v. *Van Alstyne*, (*supra*,) was in all respects correctly decided. So far as it establishes that apportionment is matter of defence, and that an eviction as to part of the premises may be pleaded in bar *pro tanto*, its soundness cannot be questioned. But the defendant proved, without objection, under his plea denying an assignment of *all* the premises to himself, that as to three-eighths, he was in possession under another landlord, who had recovered the premises in an action of ejectment, under a paramount title, and that he held under the plaintiff only five-eighths. The plaintiff sought to recover of the defendant the *whole* rent, and

the proof showed he was entitled only to five-eighths, and to that alone, it seems to me, his recovery should have been restricted. It is no answer that this proof was *offered* and *received* to show that the defendant held a *less estate ;* that is, that he was an under-tenant—a defence conceded to be admissible under the pleadings.    It came short of establishing that defence ; and was there used by the plaintiff to maintain the issue on his part. It showed he was entitled to five-eighths, and he was allowed to recover the whole.    This was wrong.

The case of *Norton* v. *Vultee,* (1 *Hall,* 384,) was an action of debt by the lessor against the assignee of the lessee, charging, in the usual form, that all the estate, &c. of the lessee came to the defendant by assignment.    The cause was tried under the plea of *nil debit.*    The plaintiff showed that the defendant was in possessi n only of a *part* of the premises, but obtained a verdict for the whole rent.    A new trial was granted to allow an apportionment of the rent ; the court holding that, as assignee, the defendant was only answerable for the rent of that portion of the demised premises which came to his possession.    In that case the assignment was not put in issue by the pleadings, and no objection was made to an apportionment on the ground that it had not been insisted on by plea.    The counsel and court seem to have taken it for granted, that the plaintiff could recover no more than was covered by his proof—that he might declare for the *whole,* and recover a *part*—whether the sum claimed was diminished by partial payments, or by evidence showing that the defendant was in fact but assignee of *part* of the demised premises ; and this under the plea of *nil debit.*

The question arising in the present case was involved in *Nellis* v. *Lathrop,* (22 *Wend.* 121.)    The plaintiff sued as assignee of the lessor, claiming to recover the whole rent, and the lessee defended on the ground that he had become the purchaser of a part of the reversion.    This evidence was excluded at the circuit, as not forming a bar, and also upon another ground not material to this discussion.    The plaintiff was permitted to recover the *whole* rent, *with interest.*    On motion for a new trial, the supreme court held  that the evidence offered

was pertinent, inasmuch as it went in mitigation of damages. That it was a proper case for an apportionment, and that it must be referred to a jury to apportion the rent. On the principle of *Hare* v. *Cator*, as understood by the defendant's counsel, the plaintiff should have been nonsuited for the variance; for having declared as assignee of the whole, and being shown but assignee of part of the reversion. There was a stronger reason for granting a nonsuit in that case than in this; for in that, the plaintiff must be presumed to know the extent of his own estate, and there would be no hardship in requiring him to declare accordingly. The court, however, must have held that a general mode of declaring was sufficient, and that the apportionment was matter of evidence at the trial.

The same principle was involved in *Cole* v. *Patterson*, (25 *Wend.* 456.) The case is obscurely reported as to the pleadings; but it is believed the action was covenant by the plaintiff as assignee of the lessor, against the assignee of the lessee. On the trial the plaintiff proved in himself a title, as tenant by the curtesy, to an undivided fourth part of the reversion, and that the defendant was assignee of $75\frac{1}{2}$ acres, parcel of the land mentioned in the lease; and he claimed to recover his proportion of the rent chargeable upon the $75\frac{1}{2}$ acres possessed by the defendant, together with interest thereon; and the circuit judge permitted him to recover accordingly, and the supreme court refused a new trial. There were other questions in the case, and some points raised on this occasion were not presented on that trial, though it was tried by eminent counsel. The case however shows the general sense and understanding of the bar upon these questions. If that case was correctly decided, as I think it was, surely this was.

It by no means follows, because a tenant may present his defence as to a portion of the premises by plea, that he is bound to do so. If as to a *part* of the premises, the defendant has been evicted, the case of *Stevenson* v. *Lambard*, (*supra*,) shows that the defendant may plead in bar the eviction as to that *part*, but that such a plea is no bar to the *whole* rent. But the case does not prove, that if as to a part of the premises, the de-

fendant never was assignee, the plaintiff may not, under the issue denying an assignment of the whole estate of the lessee to the defendant, recover the proportional part of which he was assignee. Nor does it prove that, under such an issue, the defendant may not meet general evidence of occupancy, from which an assignment of the whole estate may be inferred, with evidence of the exact proportion of which he is assignee, and of such other facts as may aid in apportioning the rent. This is matter of practice which should be settled according to the analogies of pleading in other cases. No rule has hitherto been established in this state which casts upon the landlord the burden of determining at his peril, the extent of the possession of each of the assignees of his lessees. We are at liberty to adopt a rule which will subserve the interest, and promote the convenience of all parties. The landlord might formerly distrain for his rent, upon any part of the demised premises. The question now in discussion could not arise upon a distress. The landlord might select his tenant and the part of the premises upon which to distrain for the whole rent. But that remedy is now taken away.

If the rule contended for by the defendant's counsel should be established, the remedy of landlords to collect rent upon long leases would be essentially impaired. In all our agricultural districts, the original tracts under lease, are in a few years so divided and distributed under the operation of our laws of descent and devise, and by the rapid progress of social improvement as to render it impracticable for landlords to ascertain the precise quantity held by each tenant. In England, under a different rule of descent and a more stationary condition of society, the rule supposed to be established in *Hare* v. *Cator*, would produce little inconvenience. It would occasion less embarrassment here, under the brief term to which leases of agricultural land are restricted, by the new constitution, article 1, § 14 ; but under these short terms, the ancient common law rule will be better for all parties, than that contended for by the defendant.

2. The next question is whether the referee was right in al-

lowing interest on this rent; the rent being payable in a specified quantity of wheat annually, at a day and place certain. This involves two inquiries: first, whether interest can be recovered in an action of covenant, for arrearages of rents payable in money; and if so, whether the same principle is applicable to rents payable in wheat.

It has been strongly urged, on the part of the defendant, that in England, interest is not recoverable on rents, although payable in money; that it is in no case payable except upon a contract, express or implied; and that it will not be implied except upon an express contract to pay *money*, at a given day, or upon some known and established usage of trade; and in short, that an implied contract for the payment of interest is not raised except upon commercial paper, or other commercial or mercantile transactions. Although there is much contradiction in the British cases, on this subject, it is believed the present practice in that country, as to the allowance of interest, depends on more liberal principles. In the case of *Higgins* v. *Sargeant*, (2 *Barn. & Cress.* 348,) the remarks of the learned judges, and especially those of Chief Justice Abbott, would seem to sustain the position of the counsel; and in the subsequent case of *Foster* v. *Werter*, Lord Ch. J. Tindal takes for granted that interest is not recoverable in an action of debt or covenant for rent. That, however, was not the question to be decided in either case. But other English judges have taken a different view of the matter. Thus, in *Skerry* v. *Preston*, (2 *Chit. Rep.* 245,) the question arose whether a landlord, by agreeing to receive interest upon rent, waived his right to a distress. And it was held by the king's bench that he did not, though he could not distrain for the interest; and Lord Ellenborough observed, " that this was only an *agreement for that which the law would have given him;* when the money is payable, on a particular day, the jury will give interest as damages." The case of *Robinson* v. *Bland*, (2 *Burr.* 1077,) decided in 1760, shews that at that day interest was payable, when the debt was withheld after the day stipulated for its payment.

But whatever may be the rule in England, interest, in this country, is not considered as a demand, distinct from, and independent of the original debt, and resting solely upon a contract, express or implied. It is treated rather as an incident to the debt; always payable when there is a promise, express or implied, to pay it; and in numerous instances when no such promise can be inferred. (*See How* v. *Bradly*, 1 *App.* 31; *M'Connell* v. *Thomas*, 2 *Scam.* 313; *Sedgwick on Dam.* 401.)

The general doctrine which prevails in this state, on the subject of interest, was elaborately discussed and correctly expounded, in *Reid* v. *Rensselaer Glass Factory*, (3 *Cowen*, 436.) Ch. J. Savage, after a full examination of the cases, asserts that interest is allowed, 1. upon a special agreement; 2. upon an implied agreement; 3. when money is withheld against the will of the owner; 4. by way of punishment for an illegal conversion or use of another's property; and 5. upon advances of cash. The judgment of the supreme court was affirmed by the court of errors. (5 *Cowen*, 587.) The doctrine of that case has been applied, in numerous instances, to actions brought for rent. In *Jackson* v̇. *Wood*, (24 *Wend.* 443,) interest was allowed to be computed from each quarter day, as it became due, instead of waiting for the expiration of the term. This allowance was made under a suggestion upon the record, in an ejectment, for mesne profits. In speaking of the allowance of interest, Ch. Justice Nelson remarks, "so much the plaintiff has lost, and the defendant enjoyed, by means of the wrongful possession." And at an earlier day this court, in *Clark* v. *Barlow*, (4 *John. Rep.* 183,) held that interest was recoverable in covenant for rent, payable in money. In *Still* v. *Hall*, (20 *Wend.* 51,) this court held that interest was recoverable on money due under a special contract. Interest, says Mr. Justice Cowen, runs from the time when the money falls due. In *Williams* v. *Sherman*, (7 *Wend.* 109,) interest was allowed in an action of assumpsit for use and occupation of a wharf, as a landing place for a steamboat, on the rent which had been fixed by parol. And the court repeat with approbation the observation of Lord Thurlow, (2 *Bro. C. C.* 3,) "all contracts to pay undoubtedly

Van Rensselaer v. Jones.

give a right to interest from the time when the principal ought to be paid." And in *Spencer* v. *Tilden*, (5 *Cowen*, 144,) they allowed interest on a contract to deliver cows and calves at a future day, to be computed on their value at the time and place of delivery. In *Nellis* v. *Lathrop*, (22 *Wend.* 121,) and *Cole* v. *Patterson*, (25 *Id.* 456,) cited above for a different purpose, interest was allowed to be recovered, at the circuit, in covenant for rent, without objection. (*S. P.* 4 *McCord*, 59. *Cooke* v. *Farinholt*, 3 *Ala. Rep.* 384.)

It has been urged also, that the allowance of interest for rent is analogous to interest upon interest, and is against the policy of the usury laws. It is conceded that compound interest is not recoverable in this state, except in special cases. Even an original agreement, at the time of the loan or contract, that if interest be not paid at the end of the year, it shall be deemed principal, and carry interest, will not be recognized as valid. (*Per Kent, Ch. in State of Connecticut* v. *Jackson*, 1 *John. Ch. Rep.* 14. *La Grange* v. *Hamilton*, 4 *Term Rep.* 613. 2 *H. Bl.* 144.) In our sister states the rule for allowing interest has been pushed as far as with us, if not farther. Thus in the recent case of *Catlin* v. *Lyman*, (16 *Verm. Rep.* 45,) the parties had stipulated for the payment of interest on a promissory note, before the principal became due; in a suit for the recovery of that interest, interest upon that interest was allowed by way of damages for the delay of payment. And in *Beeson* v. *Beeson*, (1 *Harring.* 106,) interest was allowed by the supreme court of Delaware, on arrears of an annuity given in lieu of dower. Whether the case of *Catlin* v. *Lyman*, (*supra*,) would be followed in this state, it is not material now to inquire. There is an obvious distinction between allowing interest upon *rent*, and interest upon *interest*. Rent is a certain profit issuing yearly out of lands and tenements corporeal. (2 *Bl. Com.* 41.) The amount, as well as the time and manner of payment, depends on the *agreement of the parties*. Interest, on the contrary, is a stipulated allowance for forbearance and giving day of payment; and the *rate* which the creditor is entitled to recover, is *regulated by law*. It is not, indeed, a violation of the

usury laws, to take interest upon interest; but the courts in this state will not enforce such an agreement, upon principles of public policy, and because of its tendency to oppression and abuse. (6 *John. Ch. Rep.* 313. *Mowry* v. *Bishop*, 5 *Paige*, 98.) The usage of business has, in modern times, sanctioned the allowance of interest, where formerly it could not be enforced; and the current of legislation, as well as of judicial opinion, has flowed in the same direction. At common law, interest could not be levied on an execution issued upon any judgment. It was in analogy to that principle that this court held in *Lansing* v. *Rattoon*, (6 *John. Rep.* 43,) decided in 1810, that interest could not be distrained for. Authority to levy interest was first granted by the act of 13 April, 1813, (1 *R. L.* 506, § 50,) and was confined to judgments recovered upon contracts. This was enlarged by the revised statutes in 1830, (2 *R. S.* 364, § 9,) and was extended to all judgments, whether for torts or contracts, by the act of 1844, ch. 324, §§ 1, 2. The same act directs that all judgments shall bear interest from the time of perfecting them. But at common law interest was recoverable in an action of debt upon judgment, whether the latter was on a contract or for a tort. (*Klock* v. *Robinson*, 22 *Wend.* 157. 2 *Brevard's So. Car. Rep.* 99. *Houston* v. *Mossman*, 1 *T. U. P. Charlton's Rep.* 138.)

Enough, it is conceived, has been said to establish the position that rent payable in money, draws interest from the time it is due, and while it is unjustly withheld. It remains to inquire, in the next place, whether the same principle is applicable to rents payable in wheat. The principle settled in *Reid* v. *Rensselaer Glass Factory*, (3 *Cowen*, 436, and 5 *Id.* 587,) will warrant its allowance in this case. The amount of rent in cash can be readily ascertained by the current price of wheat at the time and place of delivery. *Id certum est, quod certum reddi potest.* Such rent cannot be said to be an unliquidated demand. Being payable at a time and place certain, and in a specified article, the amount is as far from uncertainty as if payable in cash. It may be distrained for, as well as rent payable in money. (2 *Bl. Com.* 41. *Fry* v. *Jones*, 1 *Rawle*,

Van Rensselaer v. Jones.

11. *Owens* v. *Conner*, 1 *Bibb*, 605. *Smith* v. *Colson*, 10 *John. Rep.* 91. 3 *Watts & Serg.* 531.) On principle, therefore, there is no reason why interest should not be recoverable in an action of covenant for the rent, in the one case as well as in the other.

If we look to the adjudged cases, we shall find but a single one in this state, and none elsewhere in this country, opposed to its allowance. In 1806, this court decided, that as a general rule, interest is not recoverable in covenant for arrears of rent, payable in wheat. (1 *John. Rep.* 276.) The case is a mere note, without any detail of the facts and circumstances. The decision does not seem to have inspired much confidence even in the court by which it was pronounced ; for we find that in the subsequent case of *Lush* v. *Druse*, (4 *Wend.* 313,) it was held after argument, directly the contrary ; deciding that rent payable in wheat at a day and place certain, draws interest from the time it was payable. The *value* of the wheat, says Chief Justice Savage, became due by the defendant's default to deliver it at the day, according to his contract ; and interest is as much the right of the creditor after the principal becomes payable, as the principal itself. This doctrine derives confirmation from *Spencer* v. *Tilden*, (5 *Cowen*, 144, *before cited*,) where interest was allowed on a contract for the delivery of cows and calves, to be computed on their value at the time and place of delivery.

The great principle on which a distress was allowable of common right, in the early stages of the law, and where interest was forbidden, was the *certainty of the demand*. No distress, says Lord Coke, could be taken for services that were not certain, or which could not be reduced to certainty. (1 *Inst.* 96, *a.* 142, *a. b.*) And the rent may as well be in delivery of hens, capons, roses, spurrs, bowes, shafts, horses, hawks, pepper, comine, *wheat*, or other profit that lyeth in render, office, attendance and such like, as in payment of money. For all these a distress lay of common right. In ancient times rents were almost universally received in personal services, or in kind, such as wheat, cattle, &c. (*See* 1 *Smith's Wealth of Nations*, 133.) In modern times, new articles are introduced as rent,

corresponding with the productions of the country, and the advanced state of civilization. Instead of *spurrs,* and *bowes,* and *hawks,* and *menial services,* we find substituted, *improvements on the farm, (Smith* v. *Colson,* 10 *John. Rep.* 91 ;) *building stone wall on the premises, (Smith* v. *Fyler,* 2 *Hill,* 648 ;) *a portion of the toll of a grist mill, (Fry* v. *Jones,* 2 *Rawle,* 11 ;) *a delivery of so much iron, (Owens* v. *Conner,* 1 *Bibb,* 605 ;) *rent payable in iron, (Jones* v. *Gundrim,* 3 *Watts & Serg.* 531 ;) for all of which a distress has been allowed.

In all cases, where the reservation of rent is so certain as to justify a distress, it will, on being unjustly withheld, according to the analogy of the cases, carry interest from the time it was due and payable.

There is another class of cases in which interest rests in the discretion of the jury or referee, and may be and generally is given by way of damages. In those cases the court will not interfere with the question, unless the discretion has been exercised in withholding it in a case in which it ought to have been allowed by fixed principles, *or e converso ;* or, the discretion has been grossly abused. The cases may be found collected, many of them, in *Sedgwick on Damages,* in his 15th chapter, *pp.* 391, 408. I do not propose to review them, as the plaintiff in this case was in my judgment entitled to interest, as matter of right.

Whatever may be the law in England, and in other states, the question of interest for rent, whether payable in money or wheat, cannot be considered an open one in this state. It has been the invariable practice, at the circuits, for more than a quarter of a century, to allow interest in cases like the present. So well settled has our practice been in this respect, that the question of interest on a debt which is withheld, after it was due, without the assent of the creditor, rarely passes into the reports, unless some more important question is connected with it. After the full discussion which this subject underwent, both in this court and the court of errors, in the case of *Reid* v. *Rensselaer Glass Factory,* (3 *Cowen,* 393, 5 *Id.* 587,) it would be a waste of time to go over all the cases again in detail. It

Van Rensselaer *v.* Jones.

has been admitted by English writers, that there is no subject on which these adjudged cases are so little in harmony with each other, as in that of interest. While the American cases are not free from contradictions and anomalies, we may claim for those of this state, as much of uniformity as can be expected from the imperfection of human tribunals.

We think the referee was right upon the allowance of interest.

The objection taken before the referee to the plaintiff's right to recover, on the ground of the covenant giving a pre-emption right to the lessor or his heirs, and annexing a penalty for aliening without such offer, has not been discussed before us. The objection cannot be raised under these pleadings, and if the former decisions of this court are to be adhered to, would be unavailing under any pleadings. (*See Jackson* v. *Corlis*, 7 *John. Rep.* 521; *Same* v. *Shutz*, 18 *Id.* 174; 7 *Cowen*, 285; 8 *John. Rep.* 61.)

We think there is no error in the decision of the referee, and that the motion to set aside the report should be denied, with costs.

Motion denied.